No. 84-558

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

FRITZ JAMES DAHLMAN,

Petitioner and Appellant,

-vs-

DISTRICT COURT, SEVENTEENTH
JUDICIAL DISTRICT, et al.,

Respondent and Respondent.

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Phillips,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Fritz James Dahlman, pro se, Deer Lodge, Montana

For Respondent:

Mike Greely, Attorney General, Helena, Montana
Willis M. McKeon, County Attorney, Malta, Montana

Submitted on Briefs: March 7, 1985

Decided: April 16, 1985

Filed: APR 16 1985

Ethel M. Harrison

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant, Fritz James Dahlman appeals the November 7, 1984, memorandum opinion and order of the Seventeenth Judicial District Court, County of Phillips, denying his request to dismiss a portion of a previous judgment ordering defendant to reimburse either the City of Malta or Phillips County in the amount of $592.10, for medical expenses incurred by him. We affirm.

Following a high speed chase, defendant was arrested December 21, 1984, in a stolen automobile and incarcerated in the Phillips County jail. While jailed, defendant beat his head against the wall and indicated that he might commit suicide. Because of these threats, Phillips County authorities transferred defendant to the Deaconess Hospital at Glasgow, Montana. An examination of defendant by employees of Eastern Montana Mental Health uncovered no evidence of an emotional problem. After incurring medical expenses of $592.10, defendant was returned to the Phillips County jail on December 23, 1984. Either the City of Malta or Phillips County is responsible for that bill.

On February 3, 1982, defendant pled guilty to the charge of felony theft. He was sentenced April 30, 1982, to the Montana State Prison for a term of seven years, with the last three suspended. Several conditions were placed on defendant's period of suspension, including the requirement that defendant make restitution payments to the Clerk of Court totalling $2,299.59. That amount consists of: 1) $592.10 incurred as a result of defendant's hospitalization; 2) $1,657.49 owed Underwriters Adjustment Company, the insurer of the stolen vehicle which defendant damaged; and 3)

$50 owed to the owner of that vehicle to cover his insurance deductible.

On July 3, 1982, defendant filed a pro se motion requesting the trial judge to dismiss that portion of the order requiring defendant to pay for his medical expenses. Defendant's motion was denied July 12, 1982.

Next, on July 19, 1982, defendant filed a pro se motion requesting the trial judge to reconsider his order of July 12, 1982. That motion for reconsideration was summarily denied on August 19, 1982. No further action was taken until defendant filed a pro se memorandum in support of his motion for reconsideration on November 13, 1984. In that memorandum, defendant alleges that the trial judge was without authority to order him to pay his medical expenses as they are neither a cost to be paid by defendant pursuant to § 46-18-232, MCA, restitution pursuant to § 46-18-201, MCA, nor a cost of confinement pursuant to § 46-18-201(1)(a)(v), MCA.

In his order of November 7, 1984, the trial judge held that the medical expenses were indeed a cost of confinement, pursuant to § 46-18-201(1)(a)(v), MCA (1983), and upheld his previous order. The trial judge did indicate, however, that the reimbursement was improperly termed "restitution" and that the clerical error would be corrected by an order nunc pro tunc.

In his appeal of the November 7, 1984, order, defendant raises the following issues:

1. Was the trial court authorized to modify its judgment thirty months after judgment was entered on the minutes?

2. Was the trial court vested with statutory authority to impose, as restitution, medical costs incurred at the insistence of the confining agency?

Consideration of issue one necessarily involves consideration of a question raised by the State: Whether defendant can seek to modify his sentence by filing a post-judgment motion in District Court and then appealing that court's decision to the Montana Supreme Court?

This Court has repeatedly held that "once a valid sentence has been pronounced, the court imposing the same is lacking in jurisdiction to vacate or modify the sentence, except as otherwise provided by statute . . . ." State v. Porter (1964), 143 Mont. 528, 540, 391 P.2d 704, 711; State v. Downing (1979), 181 Mont. 242, 244, 593 P.2d 43, 44; Wilkinson v. State (Mont. 1983), 667 P.2d 413, 414, 40 St.Rep. 1239, 1241. Therefore, the trial judge in this case had no jurisdiction to modify defendant's sentence under defendant's motions. However, had defendant filed a motion for post-conviction relief, the trial judge would have had jurisdiction to modify defendant's sentence, pursuant to § 46-21-101, MCA. In order to reduce duplication of effort, we consider this action to be one for post-conviction relief. See State v. Laverdure (Mont. 1984), 685 P.2d 375, 376, 41 St.Rep. 1570, 1571.

We affirm the decision of the District Court to deny defendant's motion to dismiss, albeit for a reason different from that of the trial judge. The trial judge incorrectly approved reimbursement of medical expenses as reimbursement of a cost of confinement, pursuant to § 46-18-201(1)(a)(v), MCA (1983). However, that subsection was enacted in 1983, a year after defendant was sentenced.

4

Requiring defendant to reimburse the medical expenses as a condition of his suspended sentence was allowed at the time defendant was sentenced under § 46-18-201(1)(a)(ix), MCA (1981). That section states in relevant part:

"The sentencing judge may impose upon the defendant any reasonable restrictions or conditions during the period of the deferred imposition. Such reasonable restrictions or conditions may include:

" * * *

"(ix) any other reasonable conditions considered necessary for rehabilitation or for the protection of society."

This condition may also be imposed on a defendant during the period of a suspended sentence, pursuant to § 46-18-201(1)(b), MCA (1981).

The imposition of this condition on defendant was reasonable for rehabilitation purposes in light of finding of fact number 6 in the District Court's April 30, 1982, order sentencing defendant:

"(6) The reports indicate that he is a manipulator or a confidence man and that he tends to manipulate people in order to get preferred treatment. The incident which occurred on December 21, 1981, in the Phillips County Jail may be evidence of this or appears to be evidence of this. He beat his head on the wall. He indicated that he might be going to commit suicide, so he was transferred to the Deaconess Hospital at Glasgow, Montana. He was examined by Eastern Montana Mental Health and they could find no evidence of emotional difficulties. . . As a result of this either the City of Malta or Phillips County incurred an obligation totaling $592.10 . . . It appeared that this expenditure served no useful purpose whatsoever except to appease this defendant's desire for attention and perhaps to get sympathy."

Finally, there was no error in the trial judge's order nunc pro tunc correcting the improper use of the term "restitution." The error was clerical in nature. Every court has the inherent right to correct clerical errors. Niewoehner v. District Court (1963), 142 Mont. 1, 10, 381 P.2d 464, 468.

5

The order of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6