NO.   94-170

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

     Plaintiff and Respondent,

  V.

MELVIN JOHN-THOMAS BLANCHARD,

     Defendant and Appellant.

FILED

FEB 14 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry Moran, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        Brian P. Fay, Attorney at Law,
        Bozeman, Montana

     For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
        Micheal S. Wellenstein, Assistant Attorney
        General, Helena, Montana

        Mike Salvagni, Gallatin County Attorney,
        Gary Balaz, Deputy Gallatin County
        Attorney, Bozeman, Montana


Submitted on Briefs:  December 1, 1994

Decided:  February 14, 1995

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant Melvin Blanchard appeals the sentence imposed by the Eighteenth Judicial District Court, Gallatin County, ordering him to make restitution to the victims of the thefts and burglaries to which he admitted but was not charged or convicted. We affirm.

The issue on appeal is whether the District Court erred by ordering Blanchard to make restitution for offenses to which he admitted but was never charged or convicted as a condition of deferred imposition of sentence.

On May 10, 1993, the State obtained leave to file an information charging Blanchard with four counts of felony theft, three counts of burglary, and one count of misdemeanor theft. Blanchard appeared on May 13, 1993, and pled not guilty to the charges. In November 1993, Blanchard's attorney arranged a plea bargain with the State and sent a letter to the prosecuting attorney which stated in pertinent part:

> Pursuant to **OUT** telephone conversation of November 9, 1993 I hereby propose the following plea agreement:
>
> . .
>
> 5. That the Defendant will make restitution;
>
> . .
>
> 7. That the Defendant cooperate with the Bozeman City Police Department with respect to all thefts and burglaries of which he has knowledge. . . .
>
> 8. That the State will provide the Defendant with transactional immunity for all testimony given with regards to other thefts and burglaries of which he has knowledge;

9.   That both parties will recommend that the Court order a long form Pre-Sentence Investigation . . .

Hearing on the proposed plea agreement was held on November 16, 1993.   The letter from Blanchard's attorney was admitted into evidence.   Pursuant to the plea agreement, the State moved for and was granted leave to amend the information.   The amended information charged Blanchard with four counts of burglary, six counts of felony theft, and one count of misdemeanor theft.

The District Court questioned Blanchard regarding the plea agreement.   Blanchard stated that he approved of the agreement, that he understood that the court had no obligation to accept the agreement, and that he understood that the court could sentence him to the maximum penalty for each count.   Blanchard then pled guilty to each of the eleven counts in the amended information.   The court accepted his guilty pleas and reserved ruling on the plea agreement until sentencing.   The court ordered the preparation of a presentence investigation report and permitted Blanchard to remain free on bail until the time of sentencing.

Probation and Parole Officer Bernie Driscoll prepared the presentence investigation report.  With respect to restitution, the report provided as follows:

counts I, II, III **and IV:  Team Bozeman (Burglaries and Thefts)**

Restitution requested in the amount of  $2,491.62
   .      .

Counts **V and VI:  Hobby Town Raceway (Burglary and Theft)**

Cash in the amount of                         **$ 113.76**
   . . . .

3

count VII:   Theft of Motorcycle Cover

    Recovered - no restitution being
    requested by [the victim]. . . .      $ -0-

count VIII:   Theft of Cellular Phone

    Recovered        $ -0-

Counts IX and X:   **Office** Stop (Burglary and Theft)

    Amount requested      $1,415.00

Count XI:   Toy Shop (Theft)

    Property recovered      $ -0-

        Counts I - XI Total    $4,020.38

Information provided to the Bozeman Police Department regarding restitution owed for offenses that defendant has admitted to, but has not formally been charged, is as follows:

| | |
|---|---|
| Hobby Town Raceway (Burglary) | $100.00 |
| Klip Joint (Burglary) | 286.50 |
| Checker Auto | -0- |
| Silk Reflections (Burglary) | 697.00 |
| Video Hardware (Burglary) | 500.00 |
| Legendary Sounds | 4,105.20 |
| Uncharged Crimes Total | $5,688.70 |

Driscoll recommended that Blanchard serve six months in county jail and receive a six year deferred sentence "with the conditions provided for in the plea agreement ."

The sentencing hearing took place on February 8, 1994. Blanchard's aunt and girlfriend testified on his behalf, and letters from Blanchard's bail bondsman and employer were introduced into evidence. The prosecuting attorney recommended that Blanchard

receive concurrent sentences and be required to make restitution according to the tabulation in the presentence investigation report. The prosecuting attorney stated:

> And according to our plea agreement, the restitution includes not only the crimes charged and pled guilty to, but some other ones that the police thought he did, and that he did come in later and admit that he did.

The prosecuting attorney explained that the police department had suspected Blanchard of committing other crimes in the Bozeman area. Blanchard subsequently admitted to Sergeant Tymrack that he had committed the uncharged crimes set forth in the presentence investigation report, and, pursuant to the plea agreement, the prosecuting attorney told Blanchard that "he would have transactional immunity for any evidence that he gave with regard to his commission of [the uncharged] burglaries and thefts."

Blanchard's attorney also requested that the District Court adopt the provisions of the plea agreement and that the court impose a deferred imposition of sentence. Blanchard's attorney stated with regard to restitution:

> I want to address one thing very briefly, that's the restitution that's involved. And I don't want the Court to get the impression that Mr. Blanchard is trying to get out of something that he's responsible for, but the restitution that he would be responsible for on the crimes that he is not charged with but admitted to I believe poses somewhat of a legal dilemma, in that the state has offered transactional immunity, and I don't-- I'll leave that to your discretion, Judge, as to what you want to do with that.

The District Court sentenced Blanchard, imposing a concurrent six year deferred imposition of sentence on all felony counts, a six month deferred imposition of sentence on the misdemeanor

5

counts, and conditions of deferment. As one of the conditions of deferment, the court ordered Blanchard to pay restitution in the amount of $9709. Blanchard appeals.

Did the District Court err by ordering Blanchard to make restitution for the offenses to which he admitted but was never charged or convicted as a condition of deferred imposition of sentence?

"We review sentences for legality only and will not disturb a District Court's sentencing decision absent a showing that the District Court abused its discretion." State v. Hurlbert (1988), 232 Mont. 115, 123, 756 P.2d 1110, 1115.

Section 46-18-201, MCA, provides in part:

(1) Whenever a person has been found guilty of an offense upon a verdict or a plea of guilty, the court may:
(a) defer imposition of sentence . . . . The sentencing judge may impose upon the defendant any reasonable restrictions or conditions during the period of the deferred imposition. Reasonable restrictions may include:
. . .
(iv) restitution;
. .
(xii) any other reasonable conditions considered necessary for rehabilitation or for the protection of society; or
(xiii) any combination of the above.

Section 46-18-241(1), MCA, further provides:

Condition of restitution. (1) As provided in 46-18-201, a sentencing court may require an offender to make restitution to any victim of the offense.

Blanchard argues that an "offender," as that word is used in § 46-18-241(1), MCA, is a person who has been convicted of or who has pled guilty to an offense, and that unless a person pleads

guilty to or is convicted of an offense, restitution cannot be ordered for that offense. In support of his contention, Blanchard points to §§ 46-18-101(3)(a), -104(3), -404, and -501, MCA, which use the word "offender" to refer to a person who has entered a guilty plea or who has been convicted of a crime.

The State argues that the plea agreement alone controls the amount of restitution ordered. According to the State, Blanchard agreed to make restitution both for the crimes to which he pled guilty and the crimes to which he admitted but was not charged. By doing so, he waived his right to challenge the amount of restitution ordered. According to the State, Blanchard did not object at the time of sentencing to the amount of restitution ordered, nor did he argue that the amount ordered differed from the amount agreed upon in the plea agreement. Instead, his attorney specifically stated with regard to restitution: "I'll leave that to your discretion, Judge, as to what you want to do with that."

We determine that the District Court did not err in ordering Blanchard to make restitution.

While this is a question of first impression in Montana, a number of other jurisdictions have addressed the issue and have held that an accused is liable for restitution for offenses to which the accused (1) has admitted, (2) has been found guilty, or (3) has agreed to pay restitution. Buffington v. State (Nev. 1994), 868 P.2d 643, 645 (reaffirming Erickson v. State (Nev. 1991), 821 P.2d 1042, 1043); State v. French (Ariz. Ct. App. 1990), 801 P.2d 482, 483; State v. Madril (N.M. Ct. App. 1987), 733 P.2d

7

365, 367; *see* State v. Voetberg (Or. 1989), 781 P.2d 387, 388 (if a defendant is not convicted, restitution is authorized only if he admits the criminal conduct for which restitution is sought); Kimbrell v. State (Alaska App. 1983), 666 P.2d 454, 455 (it is permissible in sentencing defendant on one charge to impose restitution for separate dismissed charge if amount is certain, he admits to responsibility, and he consents to make restitution); State v. Gerald (Wis. 1973), 205 N.W.2d 374, 378-80, *app. dismissed* (1973), 414 U.S. 804 (court did not deny defendant's due process rights when requiring as a condition of probation, to which the defendant agreed, that he make restitution for crimes he was not charged with but which were "read in" to the record pursuant to agreement that he not be prosecuted for them); see *also* State v. Kennedy (Minn. 1987), 327 N.W.2d 3, 4-5 (court upheld condition of restitution where record showed that parties contemplated that restitution would be based on losses of all victims not merely those named in counts to which defendant pled guilty); People v. Quinonez (Colo. 1987), 735 P.2d 159, 163-64 (where defendant agrees to make restitution at time of entering plea, he cannot later disavow agreement on basis that no showing was made that he caused victim's injury); Killough v. State (Ala. 1983), 434 So.2d 852, 853, *cert. denied* (1983), 464 U.S. 1008 (defendant can be ordered to pay restitution in excess of amount stated in indictment if he made such agreement as part of plea bargain).

The plea agreement stated "[t]hat the Defendant will make restitution . ." While the plea agreement does not indicate for which burglaries and thefts restitution would be paid, the presentence investigation report clearly set forth the amount of restitution owed for eleven charged offenses and six uncharged offenses to which Blanchard admitted. At the sentencing hearing, the prosecutor stated that the plea agreement required restitution for the uncharged offenses to which Blanchard admitted. Blanchard did not object to or challenge the prosecutor's statement. Similarly, Blanchard did not object to or challenge the inclusion of the uncharged offenses in the presentence investigation report. Blanchard clearly was aware of the contents of the report, and requested that the district court adopt the report's recommendation of a deferred imposition of sentence. Blanchard's attorney stated at the sentencing hearing:

> I don't want the Court to get the impression that Mr. Blanchard is trying to get out of something that he's responsible for, but the restitution that he would be responsible for on the crimes that he is not charged with but admitted to I believe poses somewhat of a legal dilemma . . . .

Blanchard clearly did not deny responsibility for the uncharged offenses; instead, defense counsel merely informed the court that he believed "a legal dilemma" existed. It is, therefore, undisputed that Blanchard admitted that he committed the uncharged offenses.

The "legal dilemma" posed by defense counsel is resolved by § 46-18-201(1)(a)(xii), MCA, which allows the district court to

9

impose any reasonable, rehabilitative conditions upon a deferred imposition of sentence. In Dahlman v. District Court, Seventeenth Judicial District (1985), 215 Mont. 470, 473, 698 P.2d 423, 425, we upheld the district court's order requiring the defendant, as a condition of sentence, to reimburse the medical expenses that he incurred while in jail. We determined that the condition fell under §46-18-201(1)(a)(ix), MCA (1981), now codified at § 46-18-201(1)(a)(xii), MCA. We stated that "[t]he imposition of this condition on defendant was reasonable for rehabilitation purposes . . . ." **Similarly**, in **State** v. Shaver (1988), 233 Mont. 438, **448-50, 760** P.2d 1230, 1236-37, we upheld the district court's condition of sentence requiring the defendant to pay child support. The defendant in <u>Shaver</u> claimed that he was not given notice or opportunity to be heard on the issue of child support. We noted that the defendant had been served with the presentence investigation report which set forth his child support payment problems and prior misdemeanor nonsupport charges and convictions. While the issue of child support was unrelated to the **crime** charged, we determined that the district court properly imposed the condition "for rehabilitative and restitution purposes." <u>Shaver,</u> **760** P.2d at 1237.

During the sentencing hearing in the instant case, the court stated its reasons for deferring imposition of sentence:

> The wisdom of the law is that these events, such as you have been involved in, do happen. If they happen and are perpetrated by a young person who is salvageable and redeemable, then we are to look everywhere outside the prison system itself to find a way to get to you to

10

redeem yourself and to get you to correct the behavior that brought you before the Court. And it is primarily for that reason that I'm not going to sentence you to prison in this case. You certainly have slid by by a gnat's eyelash.

. . .

Next, I was particularly motivated in this case by . . your coach in high school and one of your teachers. And he feels that you are redeemable . .

The repeated use of the words "redeem" and "redeemable" and the specific statement about correcting certain behavior evidences the District Court's intent to rehabilitate the defendant outside of the prison system. We determine that the order requiring Blanchard to pay $9709 serves both rehabilitative and restitution purposes. See Shaver, 760 P.2d at 1237.

We hold that the District Court did not err in ordering Blanchard to make restitution for the uncharged offenses because he admitted committing the burglaries and thefts for which he received transactional **immunity,** because the record provides evidence that his admission was true, and because the conditions imposed by the District Court serve a rehabilitative purpose.

Affirmed.

_William E. Hunt_
Justice

We concur:

_J. A. Turnage_
Chief Justice

11

Karla M. Gray

Justices

February  14,  1995

<u>CERTIFICATE  OF  SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


BRIAN  P.  FAY
Attorney  at  Law
125 West Mendenhall
Bozeman, MT 59715

HON. JOSEPH P. MAZUREK, Attorney  General
      , Assistant
Justice  Bldg.
Helena,  MT  59620

Gary Balaz
Deputy County Attorney
615  S.  16th
Bozeman, MT 59715


                                        ED  SMITH
                                        CLERK  OF  THE  SUPREME  COURT
                                        STATE  OF  MONTANA

                                        BY: _____
                                        Deputy