No. 98-178

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 16

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DAVID OMMUNDSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kevin R. Peterson, Deputy Public Defender, Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,

Pamela P. Collins, Ass't Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney,

Submitted on Briefs: December 10, 1998

Decided: February 3. 1999

Filed:

_____

Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. David Ommundson (Ommundson) pled guilty to a charge of driving or in actual physical control of a motor vehicle while under the influence of alcohol (DUI), a felony, in violation of § 61-8-401, MCA. The District Court of the Thirteenth Judicial District, Yellowstone County, ordered Ommundson committed to the Department of Corrections for a term of 54 months for placement in an appropriate institution. The District Court suspended all but six months of the sentence with conditions, including: (1) that Ommundson participate in a sex offender treatment program; and (2) that Ommundson not have any contact with children without adult supervision. Ommundson appeals from that sentence, contending that the District Court abused its discretion in imposing the above conditions because they are not reasonably related to his DUI conviction. We reverse the judgment of the District Court to the extent that it imposes sex offender treatment as a condition of sentence. The remainder of the judgment and sentence are affirmed.**

**¶2. With regard to the condition that Ommundson not have contact with children while alone, Ommundson did not object to this condition in the District Court and thus this issue is not cognizable on appeal. The sole issue before this Court, then, is whether the District Court had authority to impose the condition that Ommundson participate in a sex offender treatment program. We review sentences for legality only and will not disturb a sentencing decision absent a showing that a district court abused its discretion. State v. Blanchard (1995), 270 Mont. 11, 15, 889 P.2d 1180, 1182 (citation omitted).**

**¶3. In imposing sentence, the District Court considered a pre-sentence investigation that documented Ommundson's criminal history, including more than ten convictions for indecent exposure. The District Court also considered a sex offender evaluation, which determined that Ommundson qualified for community-based treatment. The evaluation concluded that Ommundson needed to complete sex**

offender treatment. Based on the above, the District Court concluded that sex offender treatment was necessary for Ommundson's rehabilitation and for the protection of society.

¶4. Ommundson contends that the District Court abused its discretion in imposing the sex offender treatment as a condition of sentence. He argues that it is not enough that a condition of sentence relate generally to rehabilitation; rather, there must be a correlation between the crime for which the defendant was convicted and the condition imposed. We agree.

¶5. Sections 46-18-201 and -202, MCA, allow for the imposition of sentencing restrictions or conditions that are "reasonable," § 46-18-201(1)(b), MCA, and that the court considers necessary "to obtain the objectives of rehabilitation and the protection of the victim and society." Section 46-18-202(1), MCA. The State cites Dahlman v. Dist. Ct., Seventeenth Jud. Dist. (1985), 215 Mont. 470, 473, 698 P.2d 423, 425, for the proposition that conditions of sentence need not be related to the crime charged; instead, they need only be related to rehabilitative purposes or to the protection of society. Following a high speed chase in a stolen automobile, Dahlman was arrested. While in jail awaiting arraignment, Dahlman intentionally injured himself and required hospitalization. Dahlman subsequently pled guilty to the charge of felony theft. As a condition of his suspended sentence, the court ordered Dahlman to reimburse the county for the medical expenses he incurred while in jail. *Dahlman*, 215 Mont. at 471, 698 P.2d at 424. In the present case, the State posits that, despite the fact that reimbursement of medical expenses was unrelated to felony theft, we upheld Dahlman's sentencing condition because it fell within what is now § 46-18-201 (1)(a)(xii), MCA,[1] which allows the court to impose any reasonable, rehabilitative condition. The argument presented in *Dahlman*, however, was narrower than the issue here.

¶6. Dahlman did not argue, as Ommundson does, that the condition of reimbursement was invalid because it was unrelated to the offense. Rather, Dahlman argued that reimbursement of medical costs did not constitute "costs" under § 46-18-232, MCA (1981), was not "restitution" under § 46-18-201(1)(a)(iv), MCA (1981), nor was it "costs of confinement" under § 46-18-201(1)(a)(v), MCA (1983). *Dahlman*, 215 Mont. at 472, 698 P.2d at 424. In holding that Dahlman's sentencing condition was authorized under § 46-18-201(1)(a)(ix), MCA (1981), now codified at § 46-18-201 (1)(a)(xii), MCA, we did not resolve the question presently before this Court-namely,

must conditions of sentence be related to the offense charged? Furthermore, it could certainly be argued that medical expenses incurred while Dahlman was jailed on theft charges were "related" to the underlying charge in the sense that the medical expenses would not have been incurred but for the fact that Dahlman was in jail on the theft charges. *See Dahlman*, 215 Mont. at 471, 698 P.2d at 424.

¶7. In State v. Shaver (1988), 233 Mont. 438, 760 P.2d 1230, the district court ordered Shaver to pay child support to his two sons who were victims of his deviant sexual conduct. *Shaver*, 233 Mont. at 443, 760 P.2d at 1233. Shaver contended that he was denied due process of law because he was not given notice or opportunity to be heard on this issue. Based on the contents of the presentence investigation, we held that Shaver had adequate notice and that the court had authority to order restitution in the form of child support under § 46-18-201(1)(a), MCA. *Shaver*, 233 Mont. at 448-49, 760 P.2d at 1236-37. In *Shaver*, there was no contention that child support for the victims was not "related" to the crime charged, and thus we did not address that issue.[(2)]

¶8. Finally, in State v. Blanchard (1995), 270 Mont. 11, 889 P.2d 1180, a theft case, we upheld the district court's imposition of restitution, pursuant to a plea agreement, for uncharged thefts that Blanchard admitted, because under § 46-18-201(1)(a), MCA, the condition served both a restitution and a rehabilitative purpose. *Blanchard*, 270 Mont. at 17-18, 889 P.2d at 1184. Blanchard contended that restitution could only be imposed upon an "offender" pursuant to § 46-18-241(1), MCA, in other words, someone who has either been convicted or pled guilty to an offense. Despite the fact that Blanchard had admitted other thefts, he had not been charged or convicted of those other thefts. Thus, he contended, he could not be required to pay restitution. *Blanchard*, 270 Mont. at 15-16, 889 P.2d at 1183. We rejected that contention and upheld Blanchard's sentencing condition as having a valid rehabilitative purpose under § 46-18-201(1)(a), MCA. *Blanchard*, 270 Mont. at 18, 889 P.2d at 1184. Blanchard did not challenge the restitution as being "unrelated" to the underlying charges. Indeed, such a contention would have been fatuous since the uncharged conduct (theft) was of the same nature as the charged conduct (theft), and occurred in the same city (Bozeman) during the same relative time period. *See Blanchard*, 270 Mont. at 13-14, 889 P.2d at 1182.

¶9. Ommundson's situation is therefore different from the above cases. He did not incur costs related to his confinement on the underlying charge as in *Dahlman*, he

was not ordered to pay support or restitution to the victims of the underlying crime as in *Shaver*, nor was he ordered to make restitution for similar but uncharged thefts as in *Blanchard*. Rather, he was convicted of DUI and, as a result, required to participate in a sex offender program due to his having been convicted of indecent exposure more than 10 times, the latest of which was 11 years prior to the DUI in question. Ommundson argues that there is no correlation or connection between the offense of DUI and the condition that he complete sexual offender treatment. In making this argument, he relies primarily upon our reasoning in State v. Black (1990), 245 Mont. 39, 798 P.2d 530.

¶10. In *Black*, defendant Black pled guilty to simple assault and was sentenced to five years in prison. The sentence also required that Black complete a sexual offender course while incarcerated. *Black*, 245 Mont. at 41, 798 P.2d at 531. On appeal, Black contended that the court did not have authority to require him to complete a sexual offender course in the context of a sentencing for simple assault. In rejecting his contention, this Court cited § 46-18-202(1)(e), MCA, which allows the court to impose "any other limitation reasonably related to the objectives of rehabilitation and the protection of society." *Black*, 245 Mont. at 46, 798 P.2d at 534. We also relied on our prior decision in State v. Sullivan (1982), 197 Mont. 395, 642 P.2d 1008, in which the district court found that the burglary committed by Sullivan was significantly influenced by excessive alcohol use. Citing *Sullivan*, we stated: "This *connection* between the crime committed and alcohol justified the District Court's sentence prohibiting defendant's use of alcohol while on parole." *Black*, 245 Mont. at 46, 798 P.2d at 534 (citing *Sullivan*, 197 Mont. at 403, 642 P.2d at 1012) (emphasis added). Applying that reasoning, we noted that Black was convicted of assault upon his fourteen-year-old daughter and concluded:

The sexual nature of the assault established a significant *connection* between the crime and the need for defendant to attend the sexual offender's program. In order to protect society and to promote rehabilitation of the defendant, the district court properly determined that defendant needed to attend the sexual offender's program. The sentence was proper.

*Black*, 245 Mont. at 46-47, 798 P.2d at 535 (emphasis added).

¶11. We agree with Ommundson that § 46-18-202(1)(e), MCA, only allows the

imposition of limitations "reasonably related to the objectives of rehabilitation and the protection of the victim and society." Section 46-18-202(1)(e), MCA. Although this grant of sentencing authority is broad, it is not without limit. We hold that, in order to be "reasonably related to the objectives of rehabilitation and protection of the victim and society," § 46-18-202(1)(e), MCA, a sentencing limitation or condition must have, as in *Black* and *Sullivan*, some correlation or connection to the underlying offense for which the defendant is being sentenced. The "rehabilitation" and "protection of the victim and society" referenced in the sentencing statute must be read in the context of the charged offense. Section 46-18-202(1)(e), MCA. That is, the objectives are: (1) to <u>rehabilitate</u> the offender by imposing restitution or requiring treatment so that he or she does not repeat the same criminal conduct that gave rise to the sentence; and (2) to <u>protect</u> society from further similar conduct.

¶12. In the instant case, the District Court was authorized to impose conditions designed to rehabilitate Ommundson's drinking and driving and to protect society from future manifestations of such conduct. However, there is no evidence in this case that indecent exposure leads to increased occurrences of DUI, nor any evidence that treatment for indecent exposure will reduce the recurrence of alcohol abuse or lessen the incidence of DUI in society at large. In the present case, therefore, there simply is no nexus between the requirement that Ommundson participate in a sex offender program and the charged offense of DUI. The condition of Ommundson's sentence is not reasonably related to the rehabilitation of a DUI offender nor to the protection of society from drunk drivers.

¶13. We affirm the condition that Ommundson not have any unsupervised contact with children and we reverse that part of the sentence requiring that he participate in a sex offender program.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ KARLA M. GRAY


1. **1** Under the law applicable to Dahlman's charges, this was § 46-18-201(1)(a)(ix), MCA (1981).

2. **2** However, in State v. Blanchard (1995), 270 Mont. 11, 889 P.2d 1180, we cited *Shaver* and stated "[w]hile the issue of child support was <u>unrelated</u> to the crime charged, we determined that the district court properly imposed the condition 'for rehabilitative and restitution purposes.' " *Blanchard*, 270 Mont. at 18, 889 P.2d at 1184 (citation omitted) (emphasis added). That statement in *Blanchard* was dicta, and we conclude that it is erroneous. Child support going to the victims of the crime is in the nature of restitution and, as such, it is "related" to the crime charged.