No. 03-488

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 16N

STATE OF MONTANA

     Plaintiff and Respondent,

  v.

TANA M. SMITH,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DC 2002-0958
The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Matthew C. Claus, Attorney at Law, Bozeman, Montana

     For Respondent:

     Hon. Mike McGrath, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone County
Attorney, Billings, Montana

Submitted on Briefs:  January 21, 2004

Decided:  January 28, 2004

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Tana M. Smith (Smith) appeals from the District Court's June 10, 2003 Order Deferring Imposition of Sentence insofar as the District Court restricted Smith from possessing or consuming intoxicants and alcohol or entering any place where intoxicants are the chief item for sale. We reverse and strike this restriction.

## BACKGROUND

¶3 On June 10, 2003, the Thirteenth Judicial District Court, Yellowstone County, entered its Order Deferring Imposition of Sentence on Smith's entry of plea to felony forgery and misdemeanor forgery. The District Court's Order imposed certain probation conditions on Smith including the following (hereinafter referred to as condition #2):

> The Defendant [Smith] shall not possess or consume intoxicants/alcohol, nor will she enter any place intoxicants are the chief item of sale. She will submit to Breathalyzer testing or bodily fluid testing for drugs or alcohol as requested by her Probation & Parole Officer: this Court granting defendant a special exception for employment purposes.

¶4 At the sentencing hearing, Smith argued against this condition.

¶5 At the sentencing hearing, the District Court noted while that it appeared from the pre-sentence report that Smith had used substances in the past, it did not appear that she was under the influence of any substance when she committed the offenses with which she was charged.

2

**DISCUSSION**

¶6  We review a criminal sentence for legality only (i.e., whether the sentence is within the statutory parameters). *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15.

¶7  When deferring imposition of sentence, a court "may impose upon the offender any reasonable restrictions or conditions during the period of the deferred imposition . . . of sentence." Section 46-18-201(4), MCA. We have held however that such conditions must have "some correlation or connection to the underlying offense for which the defendant is being sentenced." *State v. Ommundson*, 1999 MT 16, ¶ 11, 293 Mont. 133, ¶ 11, 974 P.2d 620, ¶ 11.

¶8  Here, Smith argues that the condition of her probation prohibiting her use of alcohol and entering places where it is the chief item for sale is not reasonably related to the offenses she committed. The State agrees, conceding, as the record reflects, that there was no evidence that the offenses at issue were alcohol related. Moreover, according to the pre-sentence investigation report, Smith rarely drinks alcohol. Thus, no nexus exists between the subject condition and the charged forgery offenses. Furthermore, the condition is not reasonably related to Smith's rehabilitation or for the protection of society.

¶9  Accordingly, the District Court's imposition of condition #2 in its June 10, 2003 Order Deferring Imposition of Sentence is reversed and the condition is stricken.

/S/ JAMES C. NELSON

3

We Concur:

/S/ JIM REGNIER
/S/ JOHN WARNER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART