DA 07-0390

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 176N

MARCUS MENSER,

        Plaintiff and Appellant,

   v.

STATE OF MONTANA,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 07-511
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Martin W. Judnich; Stevenson, Judnich & Assoc., Missoula,
Montana

      For Appellee:

           Hon. Mike McGrath, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General; Helena, Montana

           Fred Van Valkenburg, Missoula County Attorney; Suzy Boylan,
Deputy County Attorney; Missoula, Montana

Submitted on Briefs:  April 24, 2008

Decided:  May 20, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Marcus Menser (Menser) appeals two orders of the Fourth Judicial District Court, Missoula County, denying his Motion to Withdraw Answer to the State's Petition to Revoke and denying his Petition for Postconviction Relief.  We affirm.

¶3    On November 14, 2005, Menser was charged by Information with Identity Theft, a felony, in violation of § 45-6-332, MCA.  Menser pled guilty to the charge, which carries a maximum sentence of imprisonment for ten years.  Section 45-6-332(2)(b), MCA.  A sentencing hearing was held on June 26, 2006, after which the District Court imposed a three-year deferred sentence, adopting all of the conditions recommended in the presentence investigation report (PSI) except for those restricting Menser from possessing or consuming alcohol and from entering bars.  The District Court apparently struck these conditions based upon the objection of Menser's defense counsel.

¶4    On August 10, 2006, the State filed a Petition to Revoke Menser's deferred sentence due to numerous probation violations.  Menser admitted several of those violations, including twice changing his residence without approval, twice failing to call

2

his probation officer despite being directed to do so, failing to appear in district court, obstructing a peace officer by giving a false name, and associating (specifically, consuming alcohol) with another probationer without permission. As a result of those violations, the District Court continued Menser's deferred sentence but imposed "the additional conditions that he not use drugs, consume any alcohol or enter bars." Menser did not object to the added conditions.

¶5 Soon after Menser's deferred sentence was reimposed, a second Petition to Revoke was filed alleging Menser had been drinking alcohol in a bar. Menser admitted the violation, and the District Court revoked Menser's deferred sentence and imposed a five year sentence to the Department of Corrections. Menser thereafter filed a Motion to Withdraw Admission of his probation violation, followed by a Petition for Postconviction Relief, both of which alleged the previously imposed alcohol restriction was illegal. The District Court denied the motion and petition. Menser appeals.

¶6 We apply a two-prong standard of review to challenges of probationary conditions. We first review sentencing conditions for legality. *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, ¶ 9, 179 P.3d 1164, ¶ 9. We then review the "reasonableness" of those conditions for an abuse of discretion. *Ashby*, ¶ 9.

¶7 Menser argues the District Court erred by revoking his deferred sentence because the alcohol restriction imposed after his first revocation was an illegal condition. According to Menser, because alcohol played no role in his commission of identity theft, our holdings in *State v. Armstrong*, 2006 MT 334, 335 Mont. 131, 151 P.3d 46, and *State*

3

*v. Greeson*, 2007 MT 23, 336 Mont. 1, 152 P.3d 695, dictate that the alcohol restriction added to his deferred sentence was invalid. Therefore, Menser maintains that his admission to violating that condition should be stricken and/or his Petition for Postconviction relief granted.

¶8 We assume, arguendo, that Menser's motion and petition challenging the imposition of a sentencing condition within a previous revocation proceeding were timely filed and are properly before the Court. We recently clarified the rule set forth in *State v. Ommundson*, 1999 MT 16, 293 Mont. 133, 974 P.2d 620, upon which we relied in *Greeson* and *Armstrong*, in *State v. Ashby*. We expanded the rule from *Ommundson* as follows: "In imposing conditions of sentence, a sentencing judge may impose a particular condition of probation so long as the condition has a nexus to either the offense for which the offender is being sentenced, *or to the offender himself or herself.*" *Ashby*, ¶ 15 (emphasis added). We further explained that a sentencing court may impose an alcohol-related probation condition, even if alcohol was unrelated to the offense for which the defendant is being sentenced, if the sentencing court "in its discretion determines [the condition] will assist in this particular defendant's alcohol or drug rehabilitation." *Ashby*, ¶ 15.

¶9 In the present case, the PSI report clearly indicated that Menser would have been eligible for an alcohol restriction from the outset, given his history of alcohol-related problems, including a recent DUI conviction. Likewise, in support of the State's first Petition to Revoke, Menser's probation officer observed that "[t]he only thing the

4

Defendant has done consistently while on probation is drink and frequent bars. . . . [E]ach time Mr. Menser has been arrested, he has either been drinking or in one of the local bars. . . . Mr. Menser's drinking habits are one of the sources of his problems." Thus, under *Ashby*, the alcohol restriction imposed by the District Court was legal and reasonable.

¶10 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶11 We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS