DA 07-0021

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 413

STATE OF MONTANA,

      Plaintiff and Appellee,

  v

LAWRENCE WADE RUSSETTE,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 06-044
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Jim Wheelis, Chief Appellate Defender, Helena, Montana

      For Appellee:

        Hon. Mike McGrath, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

        Cyndee Peterson, Hill County Attorney; Gina Bishop, Deputy County
Attorney, Havre, Montana

Submitted on Briefs:  June 25, 2008

Decided:  December 9, 2008

Filed:

_____
                    Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Lawrence Wade Russette (Russette) appeals from the denial of his motion to suppress evidence by the Twelfth Judicial District Court, Hill County, as well as certain sentencing conditions and fees imposed by the court relating to his conviction for felony possession of dangerous drugs. We affirm.

¶2 We review the following issues on appeal:

¶3 *Did the District Court properly deny Russette's motion to suppress evidence of an anonymous tip?*

¶4 *Did the District Court improperly impose certain conditions as part of Russette's sentence?*

¶5 *Did the District Court lack the authority to impose a prosecution fee and a victim's fee as part of Russette's sentence?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶6 An anonymous tipster contacted the Hill County Sheriff's Office on March 17, 2006. The caller alleged that Russette had five pounds of methamphetamine concealed in a black pickup truck owned by Russette. Agent Pete Federspiel, an officer with the Hill County Sheriff's Office and a member of the Tri-Agency Drug Task Force, received the tip. Agent Federspiel verified that Russette commonly drove a black pickup. Agent Federspiel also verified that Russette had an outstanding warrant for a misdemeanor contempt of court out of the Hill County Justice Court.

¶7 Agent Federspiel and three other agents attempted to find Russette. The agents rode in a single vehicle and drove near the towns of Box Elder and Big Sandy looking for

2

Russette. The agents had turned around in the parking lot of the D&L Bar just outside of Box Elder when they saw Russette pulling into the parking lot in a black pickup. The agents pulled in behind Russette. Russette had gotten out of his truck and had started walking to the bar by the time the agents had parked their vehicle. Russette quickened his pace when he saw the agents pull in behind his truck. Russette looked over his shoulder repeatedly and hurried into the bar.

¶8 Agent Federspiel and Agent Dean Wilkinson followed Russette into the bar. Agent Federspiel entered the bar first and saw Russette standing behind a row of gambling machines. Agent Federspiel could not see Russette's hands, but he could see Russette's shoulders and his arms from the elbow up. Agent Federspiel saw Russette's arm moving "as though he was removing something from his [pants] pocket." Agent Federspiel came around the machines. Agent Federspiel identified himself and informed Russette that he had an outstanding warrant for his arrest. Agent Federspiel arrested Russette and placed him in handcuffs.

¶9 Agent Federspiel directed Agent Wilkinson to check the area where Russette had been standing to see if Russette had removed something from his pocket. Agent Federspiel moved Russette outside of the bar while Agent Wilkinson began searching near the gambling machines. Russette asked Agent Federspiel as they left the bar if Agent Federspiel "thought [you] had the mother lode?" Agent Federspiel replied, "You never know." Russette said, "You got a dry run."

3

¶10 Agent Wilkinson found a small baggie that contained white powder and an empty sandwich bag where Russette had been standing inside the bar. Agent Wilkinson relayed this information to Agent Federspiel, who then informed Russette that he would be charged with drug possession. Russette said to Agent Federspiel, "Anyone could have dropped that." The agents later confirmed that the baggie contained .35 grams of methamphetamine, worth approximately $50.

¶11 The agents obtained a search warrant to search the black pickup that Russette had driven into the parking lot of the bar. The agents discovered several marijuana roaches, a glass pipe with a white residue in its bowl, a box of sandwich bags, and a digital scale in the pickup. The State charged Russette with felony possession of a dangerous drug for the methamphetamine and misdemeanor possession of drug paraphernalia for the items found in the pickup.

¶12 Russette filed a motion in limine on the morning of his trial to preclude the State from presenting any evidence concerning the anonymous tip received by Agent Federspiel. The parties argued the motion before the District Court. The court allowed the State to present evidence that Agent Federspiel had received an anonymous tip that Russette had methamphetamine. The court ordered the State to present no evidence concerning the amount of methamphetamine that Russette possessed as alleged in the anonymous tip.

¶13 The jury convicted Russette on both charges. The pre-sentence report documented Russette's history of chemical use and revealed that Russette has used a variety of drugs. Russette admitted that he suffers marital problems associated with his use of alcohol and

4

drugs. The PSI noted that Russette previously had received a three year deferred imposition of sentence for a felony conviction for the sale of dangerous drugs. Russette initiated a probation violation report for this offense by absconding supervision and by failing to make payments on restitution, fines, and fees.

¶14 The District Court sentenced Russette to four years in the Montana State Prison with the entire term suspended and subject to conditions. The conditions prohibited Russette from possessing alcohol or entering places where alcohol constitutes the chief item of sale, from possessing a police scanner, and from entering casinos. The sentence also included a condition requiring Russette to receive permission from his probation officer before obtaining financing for a vehicle, property, or business. Russette's sentence also included "prosecution" and "victim's" fees. Russette did not object to these conditions or fees at sentencing. Russette now appeals his conviction and the sentencing conditions and fees imposed by the District Court.

## STANDARD OF REVIEW

¶15 We review a district court's rulings on the admissibility of evidence for an abuse of discretion. *State v. Paoni*, 2006 MT 26, ¶ 13, 331 Mont. 86, ¶ 13, 128 P.3d 1040, ¶ 13. The determination of the relevancy and admissibility of evidence lies in the sound discretion of the trial judge, and we will not overturn that determination without a showing of an abuse of discretion. *Paoni*, ¶ 13.

## DISCUSSION

### ISSUE ONE

5

¶16 *Did the District Court properly deny Russette's motion to suppress evidence of an anonymous tip?*

¶17 Russette asserts that the District Court improperly admitted the anonymous tip. Russette argues that the tip constituted inadmissible hearsay and that the tip's admission into evidence violated his right to confrontation under the Sixth Amendment as construed in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004). The State argues that Russette waived the constitutional confrontation objection by failing to raise it before the District Court. The State also argues that the tip did not constitute hearsay because the State did not intend to use the tip to prove that Russette possessed drugs. The State contends that the court properly admitted the tip for the purpose of explaining the agents' pursuit of Russette. The State argues in the alternative that the admission of the tip constituted harmless error.

¶18 A defendant generally fails to preserve an objection for appellate review when the defendant fails to make a contemporaneous objection to an alleged error in the trial court. *Paoni*, ¶ 16. A party's assertion of error "must stand or fall on the ground" asserted before the trial court. *Paoni*, ¶ 29 (citation omitted). A defendant preserves an issue for appeal in the absence of an objection at trial when the defendant files a motion "sufficiently specific to preserve the issue for appeal." *Paoni*, ¶ 16.

¶19 Russette filed a motion in limine to suppress the admission of the anonymous tip into evidence. The State asserted at the hearing before trial that the tip constituted non-hearsay evidence because the State allegedly sought to introduce the tip merely to explain why Agent

6

Federspiel went looking for Russette. Russette's counsel stated, "the evidence I have doesn't even disclose whether the tip was anonymous or not, so we don't have any opportunity to question who may have made that tip. There is no disclosure whether the tip was known to them, and I think that kind of hearsay is clearly inadmissible."

¶20 Russette and the State disagree over whether the statement made by Russette's counsel preserved for appeal Russette's argument with regard to his constitutional right to confrontation. We note that a passing mention of the right to confrontation fails to preserve the right to raise the issue on appeal. *State v. Lawrence,* 285 Mont. 140, 163, 948 P.2d 186, 200 (1997). We need not resolve this issue, however, or the merits of the State's argument that the evidence was admissible, as the State presented the jury with sufficient evidence independent of the anonymous tip to support Russette's conviction and to render the admission of the tip a harmless error.

¶21 We adopted the "cumulative evidence" test for harmless error analysis for "trial" errors in *State v. Van Kirk,* 2001 MT 184, ¶¶ 40-43, 306 Mont. 215, ¶¶ 40-43, 32 P.3d 735, ¶¶ 40-43. We stated in *Van Kirk* that under this test a demonstration that the fact-finder received admissible evidence that proved the same facts as the tainted evidence renders an error harmless. *Van Kirk,* ¶ 47. We added that the tainted evidence must not have contributed to the conviction when compared "qualitatively" with the admissible evidence. *Van Kirk,* ¶ 47.

¶22 Counsel for the State indicated in her opening argument that agents had "received a report that the defendant was possessing dangerous drugs." Agent Federspiel testified that

7

he "had received a Crime Stopper tip that Lawrence Russette was in possession of methamphetamine . . . ." The prosecutor asked Agent Federspiel if "the reporter [said] where the dangerous drugs were being possessed . . . ." Agent Federspiel replied "They were in a black pickup that belonged to Mr. Russette." These statements represent the entirety of the State's references to the anonymous report that Russette possessed drugs.

¶23   The bulk of the State's evidence that Russette possessed drugs consisted of testimony from Agent Federspiel and Agent Wilkinson and Russette's own statements and concessions. Agent Federspiel testified that he and other agents had pulled in behind Russette in the parking lot of the D&L Bar. Russette moved rapidly toward the entrance of the bar after seeing the agents and repeatedly looked over his shoulder at the agents. Agent Federspiel entered the bar and saw Russette standing behind a row of gambling machines. Agent Federspiel saw Russette's arm moving "as though he was removing something from his [pants] pocket." Agent Federspiel arrested Russette pursuant to the warrant and directed Agent Wilkinson to search the area where Russette had been standing. Agent Wilkinson found a baggie of methamphetamine and another sandwich bag where Russette had been standing. Russette asked Agent Federspiel as the agent moved him out of the bar if Agent Federspiel "thought [you] had the mother lode." Agent Federspiel responded, "You never know." Russette stated, "You got a dry run."

¶24   Agent Federspiel then informed Russette that the State would charge Russette with drug possession. Russette stated, "Anyone could have dropped that." A search of the pickup that Russette commonly drove revealed marijuana roaches in the ash tray and a pipe with

white residue. The truck also contained sandwich bags and a digital scale. Russette conceded at trial that he "had drug paraphernalia."

¶25   We conclude that the testimony from Agent Federspiel and Agent Wilkinson, Russette's statements to Agent Federspiel, and Russette's concessions at trial, constituted sufficient admissible evidence independent of the anonymous tip to support the jury's conviction of Russette. *Van Kirk,* ¶ 47. We also conclude that the State's limited references to the allegedly tainted evidence qualitatively did not contribute to Russette's conviction. *Van Kirk,* ¶ 47.

## ISSUE TWO

¶26   *Did the District Court improperly impose certain conditions as part of Russette's sentence?*

¶27   Russette argues that the District Court lacked authority to impose on his suspended sentence conditions that forbid his use of alcohol, prohibit him from possessing a police scanner, prohibit him from entering casinos or gambling, and require him to obtain permission from his probation officer before financing a vehicle, property, or engaging in business. Russette contends that the restrictions have no nexus to his convictions for the possession of dangerous drugs and drug paraphernalia. The State first asserts that Russette cannot appeal his sentencing conditions because he failed to object to the conditions before the District Court. The State also argues that the conditions sufficiently relate to Russette and serve to rehabilitate him and to protect society.

9

¶28    Russette argues that this Court's decisions in *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979) and *State v. Ommundson*, 1999 MT 16, 293 Mont. 133, 974 P.2d 620, permit him to object to certain conditions of his sentence for the first time on appeal.  Our decision in *Lenihan* confirmed that this Court may review a sentence challenged for the first time on appeal "if it is alleged that such sentence is illegal or exceeds statutory mandates . . . ."  *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000.  We determined in *Ommundson* that a district court possesses the statutory authority to impose a condition on a sentence only so far as the condition has some correlation or connection to the underlying offense.  *Ommundson*, ¶ 11.

¶29    Russette argues that certain conditions of his sentence lack the necessary nexus to his offense under *Ommundson*, and, therefore, may be challenged for the first time on appeal pursuant to the rule set forth in *Lenihan*.  We clarified recently, however, in *State v. Stiles*, 2008 MT 390, ¶ 14, 347 Mont. 95, ¶ 14, ___ P.3d ___, ¶ 14, that the probation conditions that Russette challenges fall within the District Court's discretion to impose reasonable conditions as set forth in § 46-18-201(4)(o), MCA, and § 46-18-202(1)(f), MCA.  The District Court's imposition of these probation conditions may have been "objectionable," but did not constitute an illegal sentence.  Russette's failure to challenge these conditions before the District Court waived the issue for appeal.  *Stiles*, ¶ 14.

### ISSUE THREE

¶30    *Did the District Court lack the authority to impose a prosecution fee and a victim's fee as part of Russette's sentence?*

¶31    Russette argues that the District Court improperly included a prosecution fee and a victim's fee as conditions on his suspended sentence. The State concedes that the District Court lacked the authority in this case to impose the prosecution fee and the victim's fee and agrees that the fees should be stricken. We remand to the District Court for the sole purpose of removing the prosecution and victim's fees from Russette's sentence.

¶32    Affirmed in part, reversed in part, and remanded.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE