CHIEF JUSTICE McGRATH
specially concurs.
¶10 For the purposes of this opinion, I concur with the majority.
¶11 However, I believe that the authority to impose sentences for felony convictions lies within the exclusive power of the district courts. See §46-18-103, MCA. And the Legislature has provided the Sentence Review Division for the exclusive review of legally authorized felony sentences. Sections 46-18-901 through -905, MCA. This Court described the sentence review process in Ranta v. State, 1998 MT 95, ¶ 27, 288 Mont. 391, 958 P.2d 670:
[The sentence review procedure] functions as an appellate process because it is the only opportunity a criminal defendant has to challenge an otherwise lawful sentence on equitable grounds. See State v. Simtob (1969), 154 Mont. 286, 288, 462 P.2d 873, 874. In conducting its review, the Sentence Review Division functions as an arm of this Court. Section 46-18-901, MCA. Were the legislature to abolish the review division, the function of reviewing sentences on equitable grounds would thus simply return to this Court. Additionally, like decisions issued directly by this Court, the decisions of the review division are final, cannot be appealed, and are reported in the Montana Reports. Section 46-18-905, MCA.
See also State v. Triplett, 2008 MT 360, ¶ 27, 346 Mont. 383, 195 P.3d 819.
¶12 The traditional standard of review of sentences by this Court was for legality only. State v. Montoya, 1999 MT 180, ¶ 15, 295 Mont. 288, 983 P.2d 937. In State v. Ommundson, 1999 MT 16, ¶ 11, 293 Mont. 133, 974 P.2d 620, overruled in part, State v. Herman, 2008 MT 187, ¶ 12, 343 Mont. 494, 188 P.3d 978 (overruling abuse of discretion standard of review outside of certain exceptions), this Court held that for a condition of sentence to be reasonable under §46-18-202, MCA, it must have some “correlation or connection to the underlying offense.” The Court has entertained numerous challenges since. Then in State v. Ashby, 2008 MT 83, ¶ 9, 342 Mont. 187, 179 P.3d 1164, this Court adopted a new standard of review, first reviewing a sentence *115 condition for legality, then reviewing “reasonableness” factors for abuse of discretion. The Court further expanded Ommundson’s nexus rule to include a connection to either the offense or the offender, rather than to the offense alone. Ashby, ¶¶ 7, 15. I would overrule Ommundson and its progeny and return to the standard that reviews felony sentences for legality only.
¶13 Conditions of probation are often designed to benefit the offender. Offenders do not have a constitutional right to a suspended sentence or probation. Rather, conditions of a sentence or probation are designed to provide rehabilitation and protect the public. Section 46-18-101, MCA.
¶14 A felony sentence necessarily involves consideration of a number of factors, most all of which are subjective. Article II, § 28 of the Montana Constitution provides that laws for the punishment of a crime shall be founded on the principles of prevention, reformation, public safety, and restitution for victims. Section 46-18-101, MCA, establishes the correctional and sentencing policy of the State of Montana: a broad array of aspirations that include punishment commensurate with the crime, protection of the public, victim restitution, and opportunities for offender rehabilitation. State policy is designed to “encourage and provide opportunities for the offender’s self-improvement to provide rehabilitation and reintegration of offenders back into the community.” Section 46-18-101(2)(d), MCA. A lengthy list of principles is provided by the Legislature to achieve these policies. Section 46-18-101(3), MCA.
¶15 All of these factors must be considered by district courts in imposing a sentence. It is the district court that has direct access to the parties involved, the facts of the case, the victims, and the community impact. Moreover, it is the district court that can best determine, based on this information, a course of rehabilitation best suited for the individual offender. It is a difficult and demanding responsibility. Sentencing discretion by necessity must be very broad.
¶16 The Legislature has created the process to review sentences. Hernandez did not apply to the Sentence Review Division to review the conditions of his sentence, nor has he argued that his sentence is illegal. I would overrule Ommundson and dismiss this appeal for failure to follow proper procedure.