No. DA 06-0029

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 334

STATE OF MONTANA,

　　　　　Plaintiff and Respondent,

　　v.

MICHAEL MARION ARMSTRONG,

　　　　　Defendant  and Appellant.

APPEAL FROM:　　District Court of the Fourth Judicial District,
　　　　　　　　　In and For the County of Missoula, Cause No. DC 05-240
　　　　　　　　　Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　Brian K. Yowell, Office of the Public Defender, Missoula, Montana

　　　　　For Respondent:

　　　　　Hon. Mike McGrath, Attorney General; Joslyn M. Hunt,
　　　　　Assistant Attorney General, Helena, Montana

　　　　　Fred Van Valkenburg, Missoula County Attorney; Suzy Boylan-Moore,
　　　　　Deputy County Attorney, Missoula, Montana

　　　　　　　　　　　　Submitted on Briefs:  August 23, 2006

　　　　　　　　　　　　　　　Decided:  December 15, 2006

Filed:

　　　　　　_____
　　　　　　　　　　　　　　Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Michael Marion Armstrong appeals from the judgment and sentencing order entered by the Fourth Judicial District Court, Missoula County, on his guilty pleas to the offenses of assault with a weapon and criminal mischief.  We reverse and remand with instructions.

¶2     The issue on appeal is whether the District Court erred by imposing alcohol and gambling restrictions as conditions of Armstrong's suspended and deferred sentences.

## BACKGROUND

¶3     The State of Montana charged Armstrong by information with the felony offense of assault with a weapon and the misdemeanor offense of criminal mischief.  According to the affidavit supporting the State's motion for leave to file the information, Armstrong and Gerald Minnger had a physical fight, after which Armstrong got into his truck, spun out, and drove into Minnger's truck, with Minnger jumping to get out of the way.

¶4     Armstrong initially pled not guilty.  Subsequently, he and the State entered into a plea agreement, pursuant to which Armstrong agreed to plead guilty to both offenses.  In exchange, the State agreed to recommend a sentence of three years, deferred, on the felony charge and six months, suspended, on the misdemeanor charge.  The State also reserved the right to recommend any reasonable conditions, including but not limited to those listed in the plea agreement.  The plea agreement originally listed as conditions "[n]o alcohol" and "[n]o bars/no casinos."  The prosecutor agreed to remove those conditions, however, and they were crossed out.  The agreement also provided that, if the District Court did not follow the

2

sentencing recommendation, Armstrong could withdraw his guilty pleas.

¶5 Armstrong pled guilty at a hearing, and the District Court ordered a pre-sentence investigation report (PSI). In the PSI, the authoring probation officer noted the plea agreement "appears to allow for [Armstrong's] use of alcohol," and stated she did "not agree with giving an individual on probation with an identified anger management problem the freedom to use alcohol, which is often a contributing factor to many problems, including anger control. Certainly, that is for the court to decide." The probation officer recommended, among other things, a condition which prohibited Armstrong from possessing or consuming alcohol and from entering any place in which intoxicants are the chief item of sale. In addition, she recommended a condition prohibiting Armstrong from entering any casinos or playing any games of chance.

¶6 At sentencing, defense counsel objected to the PSI recommendations as follows:

> MR. YOWELL: Your Honor, there are restrictions contained in the PSI that are not mirrors of what our agreement was, in that there is an alcohol restriction placed in No. 4 of the PSI, and then there is also a casino and gaming restriction in No. 18 of the recommendation to the PSI.
>      And, we object to those, because I had negotiated a different result with the County Attorney.

> THE COURT: Well, your client is not going to go into any bars or casinos, and he's not going to consume any alcohol while he's on probation. If he does, I'm going to put him in prison.

> MR. YOWELL: Your Honor, it's my understanding that Montana law disfavors liberty restrictions when the action is not directly related to—

> THE COURT: Well, then, we won't put him at liberty. I won't follow the plea bargain agreement.

3

Defense counsel then asked to speak with his client and, subsequently, the District Court and defense counsel had the following exchange:

> THE COURT: Mr. Yowell, what is your decision?
>
> MR. YOWELL: Your Honor, my client is prepared to accept what you discussed here in court but he would like for me to preserve an objection for the record.
>
> THE COURT: You can preserve your objection.

¶7 The District Court orally sentenced Armstrong, imposing the alcohol- and gambling-related restrictions to which Armstrong had objected. In that regard, the court stated that "[t]he added two conditions that were recommended in the [PSI], the Court feels necessary for the rehabilitation of the Defendant." In its written judgment and sentencing order, the District Court stated the reasons for its judgment were that it complied with the PSI and the plea agreement. Armstrong appeals.

## STANDARD OF REVIEW

¶8 When, as here, an offender is statutorily ineligible for sentence review by the Sentence Review Division because his or her sentence does not include one year or more of actual incarceration, we first review the sentence for legality to determine whether it falls within statutory parameters and, if so, we then examine whether the sentencing court abused its discretion in imposing the sentence. *See State v. Herd*, 2004 MT 85, ¶¶ 18-23, 320 Mont. 490, ¶¶ 18-23, 87 P.3d 1017, ¶¶ 18-23.

## DISCUSSION

¶9 **Did the District Court err in imposing alcohol and gambling restrictions as**

4

**conditions of Armstrong's sentence?**

¶10    With respect to suspended or deferred sentences, "the sentencing judge may impose . . . any reasonable restrictions or conditions[.]"  Section 46-18-201(4), MCA.  Reasonable restrictions or conditions include those "considered necessary for rehabilitation or for the protection of the victim or society."  Section 46-18-201(4)(o), MCA (before July 1, 2006, § 46-18-201(4)(n), MCA).  Stated differently, a court may impose any "limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society."  Section 46-18-202(1)(f), MCA.

¶11    The statutory terms "rehabilitation" and "protection of the victim and society" must be read in the context of the charged offense.  The objectives of § 46-18-202(1)(f), MCA, are to rehabilitate the offender by imposing restitution or requiring treatment so that he or she does not repeat the same criminal conduct and to protect society from further similar conduct.  Thus, a limitation or condition in a sentence must have a correlation or connection to the underlying offense.  *State v. Ommundson*, 1999 MT 16, ¶ 11, 293 Mont. 133, ¶ 11, 974 P.2d 620, ¶ 11.  Stated differently, to be legal, a condition of sentence must have a nexus to the conviction.  *Herd*, ¶ 17 (citations omitted).

¶12    Regarding the "correlation or connection" requirement, Armstrong analogizes the present case to *State v. Lucero*, 2004 MT 248, 323 Mont. 42, 97 P.3d 1106, in which we ordered conditions related to intoxicating substances and gambling to be stricken because they were not connected to the defendant's offense of assault on a peace officer.  He also distinguishes *State v. Kroll*, 2004 MT 203, 322 Mont. 294, 95 P.3d 717, and *State v. Black*,

5

245 Mont. 39, 798 P.2d 530 (1990), in which we upheld certain conditions of sentence because, based on the facts in those cases, we determined the conditions were sufficiently connected to the offenses.

¶13 The State does not address *Lucero*, *Kroll*, or *Black*; nor does it advance any jurisprudential authority under which the restrictions at issue here could be upheld. The State asserts, however, that the PSI stated Armstrong's anger control problem was the "underlying cause" of his offenses—although the PSI does not include this phrase. Based on that incorrect assertion and the more accurate reference to the PSI's statement that alcohol use is "often a contributing factor to many problems, including anger control," the State contends the District Court was authorized to impose conditions related to alcohol and places where alcohol is sold, including casinos. Thus, it requests that we affirm Armstrong's sentence.

¶14 In *State v. Holt*, 2006 MT 151, ¶ 51, 332 Mont. 426, ¶ 51, 139 P.3d 819, ¶ 51, we determined the State's conjecture--that a defendant convicted of theft may be more likely to engage in similar misconduct in the future if he were to use alcohol--was insufficient to support an alcohol-related condition, and we ordered the condition stricken because there was no correlation between alcohol and the defendant's offenses. Here, it is undisputed that Armstrong was neither gambling nor under the influence of alcohol when he assaulted his supervisor and damaged his truck. Moreover, the PSI stated the probation officer had "no clear evidence at this time that Mr. Armstrong has chemical dependency issues." Given these circumstances, the statement in the PSI that alcohol is "often" a contributing factor to anger control problems is, with respect to Armstrong, nothing more than conjecture about the

6

effect of an alcohol restriction on his prospects for rehabilitation or the protection of society. *See Holt*, ¶ 51. We conclude the challenged gambling- and alcohol-related conditions have no correlation to Armstrong's offense and, therefore, do not meet statutory requirements. *See Ommundson*, ¶ 11.

¶15 The State also asserts, however, that the District Court "felt strongly that . . . it was important for Armstrong to refrain from alcohol use[.]" The exchange between the District Court and defense counsel, set forth above, supports this assertion. Nonetheless, our jurisprudence requires a sufficient nexus between the criminal conduct and the condition of sentence, not a judge's "strong feeling."

¶16 In addition, the State notes Armstrong declined to withdraw his guilty plea when the District Court refused to omit the alcohol and gambling restrictions. In derogation of M. R. App. P. 23(b), the State cites to no authority for the proposition that a defendant must withdraw his or her guilty plea when the sentencing court indicates it will impose an illegal condition. Thus, we decline to address the State's reference to Armstrong's failure to withdraw his plea further.

¶17 We have concluded the challenged alcohol- and gambling-related restrictions in Armstrong's sentence do not meet statutory requirements because they are not related to his offenses. Thus, the restrictions are illegal and we need not analyze whether the District Court abused its discretion in imposing them. *See Herd*, ¶¶ 18-23.

¶18 Reversed and remanded with instructions to strike the challenged alcohol- and gambling-related conditions.

/S/ KARLA M. GRAY


We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE