DA 08-0501

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 341

STATE OF MONTANA,

Plaintiff and Appellee,

v.

DAVID REKO HERNANDEZ,

Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 07-0391
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jim Wheelis, Chief Appellate Defender; Koan Mercer, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant
Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney; Ann Marie McKittrick,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  September 10, 2009
Decided:  October 20, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 David Reko Hernandez was convicted in the Thirteenth Judicial District Court, Yellowstone County, of sexual assault on a child. He was sentenced to serve twenty-five years at Montana State Prison with the last ten years of the sentence suspended and was designated a Level III Offender and a Sexually Violent Predator. Hernandez appeals from the imposition of a condition on his suspended sentence which restricts his entering into some financial transactions.

¶2 In its sentencing order, over the objection of Hernandez, the District Court ordered, as a condition of the suspension of the last ten years of his sentence, that:

> The Defendant will obtain permission from his Probation & Parole Officer before financing or purchasing a vehicle, property, or engaging in business. The Defendant will not go into debt without his Probation & Parole Officer's permission. Restitution, child support, fines, and fees will be the Defendant's priority financial obligations.

Hernandez appeals the District Court's imposition of this condition on his suspended sentence.

¶3 Generally, we review a criminal sentence for legality only; that is, whether the sentence falls within the statutory parameters. *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, 151 P.3d 892. A sentencing judge may impose upon the offender reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society. Sections 46-18-201(4)(o), -202(1)(f), MCA. While this Court generally reviews a sentence for legality only, we may review the reasonableness of conditions imposed under §§ 46-18-201(4)(o), -202(1)(f), MCA, for abuse of discretion,

2

if the conditions are objected to at sentencing. *State v. Ashby*, 2008 MT 83, ¶¶ 9, 22, 342 Mont. 187, 179 P.3d 1164. For a condition to be reasonable, it must have a nexus to either the offender or the offense. *Ashby*, ¶ 15. Hernandez argues on appeal that because the condition of his suspended sentence restricting financial transactions has no nexus to either himself or to the offense, the District Court erred in imposing it.

¶4 The condition on Hernandez's suspended sentence at issue here was not imposed under § 46-18-201(4)(o) or under § 46-18-202(1)(f), MCA. Rather, it was imposed under the legislative authority in § 46-23-1002(3), MCA, which provides that the Montana Department of Corrections has the power to:

> [A]dopt rules for the conduct of persons placed on parole or probation, except that the department may not make any rule conflicting with conditions of parole imposed by the board or conditions of probation imposed by a court.

Section 46-23-1002(3), MCA.

¶5 ARM 20.7.1101(6) provides that as a condition of probation:

> The offender must obtain permission from his/her supervising officer before engaging in business, purchasing real property, purchasing an automobile, or incurring a debt.

¶6 The condition on Hernandez's suspended sentence, that he obtain the permission of his supervising officer before engaging in certain financial transactions, is authorized by statute and rule. Thus, the *Ashby* requirement of a nexus to the offender or to the offense does not apply. *Ashby*, ¶ 14-15.

¶7 Section 46-23-1002(3), MCA, provides that a standard condition of probation which the Department of Corrections adopts by rule, may not conflict with conditions imposed by a sentencing court. Thus, a standard condition adopted by the Department of Corrections will be included as a condition of a probationary sentence unless the District Court determines, in the exercise of its discretion, that a standard condition is inappropriate under the sentence it is imposing. We will review the sentencing judge's conclusion that a standard condition should or should not be imposed for an abuse of discretion. An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *State v. McLaughlin*, 2009 MT 211, ¶ 9, 351 Mont. 282, 210 P.3d 694.

¶8 Hernandez's only objection to the imposition of the condition in question was that it is not related to his offense. He offered nothing which indicated that such condition would impose a hardship on him. The sentencing judge considered the facts that Hernandez's priority financial obligations while serving the suspended portion of his sentence would be restitution, child support, fines, and fees; that his probation officer could authorize any reasonable financial transaction; and that oversight was appropriate because his handling money and material possessions could cause Hernandez problems while on probation. Thus, the District Court declined to delete the condition of probation that Hernandez must obtain permission from his Probation & Parole Officer before financing or purchasing a vehicle or property, engaging in business, or incurring debt.

4

We conclude that the District Court did not act arbitrarily without conscientious judgment or exceed the bounds of reason in imposing such condition.

¶9    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ BRIAN MORRIS

Chief Justice Mike McGrath specially concurs.

¶10    For the purposes of this opinion, I concur with the majority.

¶11    However, I believe that the authority to impose sentences for felony convictions lies within the exclusive power of the district courts. *See* § 46-18-103, MCA. And the Legislature has provided the Sentence Review Division for the exclusive review of legally authorized felony sentences. Sections 46-18-901 through -905, MCA. This Court described the sentence review process in *Ranta v. State*, 1998 MT 95, ¶ 27, 288 Mont. 391, 958 P.2d 670:

> [The sentence review procedure] functions as an appellate process because it is the only opportunity a criminal defendant has to challenge an otherwise lawful sentence on equitable grounds. *See State v. Simtob* (1969), 154 Mont. 286, 288, 462 P.2d 873, 874. In conducting its review, the Sentence

5

Review Division functions as an arm of this Court. Section 46-18-901, MCA. Were the legislature to abolish the review division, the function of reviewing sentences on equitable grounds would thus simply return to this Court. Additionally, like decisions issued directly by this Court, the decisions of the review division are final, cannot be appealed, and are reported in the Montana Reports. Section 46-18-905, MCA.

See also State v. Triplett, 2008 MT 360, ¶ 27, 346 Mont. 383, 195 P.3d 819.

¶12 The traditional standard of review of sentences by this Court was for legality only. State v. Montoya, 1999 MT 180, ¶ 15, 295 Mont. 288, 983 P.2d 937. In State v. Ommundson, 1999 MT 16, ¶ 11, 293 Mont. 133, 974 P.2d 620, overruled in part, State v. Herman, 2008 MT 187, ¶ 12, 343 Mont. 494, 188 P.3d 978 (overruling abuse of discretion standard of review outside of certain exceptions), this Court held that for a condition of sentence to be reasonable under § 46-18-202, MCA, it must have some "correlation or connection to the underlying offense." The Court has entertained numerous challenges since. Then in State v. Ashby, 2008 MT 83, ¶ 9, 342 Mont. 187, 179 P.3d 1164, this Court adopted a new standard of review, first reviewing a sentence condition for legality, then reviewing "reasonableness" factors for abuse of discretion. The Court further expanded Ommundson's nexus rule to include a connection to either the offense or the offender, rather than to the offense alone. Ashby, ¶¶ 7, 15. I would overrule Ommundson and its progeny and return to the standard that reviews felony sentences for legality only.

¶13 Conditions of probation are often designed to benefit the offender. Offenders do not have a constitutional right to a suspended sentence or probation. Rather, conditions

of a sentence or probation are designed to provide rehabilitation and protect the public. Section 46-18-101, MCA.

¶14   A felony sentence necessarily involves consideration of a number of factors, most all of which are subjective. Article II, § 28 of the Montana Constitution provides that laws for the punishment of a crime shall be founded on the principles of prevention, reformation, public safety, and restitution for victims. Section 46-18-101, MCA, establishes the correctional and sentencing policy of the State of Montana: a broad array of aspirations that include punishment commensurate with the crime, protection of the public, victim restitution, and opportunities for offender rehabilitation. State policy is designed to "encourage and provide opportunities for the offender's self-improvement to provide rehabilitation and reintegration of offenders back into the community." Section 46-18-101(2)(d), MCA. A lengthy list of principles is provided by the Legislature to achieve these policies. Section 46-18-101(3), MCA.

¶15   All of these factors must be considered by district courts in imposing a sentence. It is the district court that has direct access to the parties involved, the facts of the case, the victims, and the community impact. Moreover, it is the district court that can best determine, based on this information, a course of rehabilitation best suited for the individual offender. It is a difficult and demanding responsibility. Sentencing discretion by necessity must be very broad.

¶16   The Legislature has created the process to review sentences. Hernandez did not apply to the Sentence Review Division to review the conditions of his sentence, nor has

he argued that his sentence is illegal. I would overrule *Ommundson* and dismiss this appeal for failure to follow proper procedure.

/S/ MIKE McGRATH

Justice James C. Nelson, dissenting.

¶17 I believe that under our current precedents, Justice Cotter's Dissent (¶¶ 23-27, *infra*) sets forth the correct analysis of the sentencing condition at issue here, and I accordingly join it. In so doing, however, I acknowledge some of the arguments made by Chief Justice McGrath in his Special Concurrence (¶¶ 10-16, *supra*).

¶18 As the Chief Justice notes, this Court held in *State v. Montoya*, 1999 MT 180, 295 Mont. 288, 983 P.2d 937, that we review criminal sentences for legality only. *Montoya*, ¶ 15. We modified that holding in *State v. Herd*, 2004 MT 85, 320 Mont. 490, 87 P.3d 1017, upon recognizing that the Sentence Review Division (SRD) has authority to review only those sentences which consist of a year or more of *actual* incarceration. *Herd*, ¶ 21 (citing § 46-18-903(1), MCA). We held that if an offender is sentenced to one year or more of actual incarceration and thus is eligible for review by SRD, then we will review

the sentence for legality only, but if the offender is statutorily ineligible for SRD, then we will review the sentence for both legality and abuse of discretion. *Herd*, ¶ 22. Here, Hernandez was sentenced to serve 25 years at the Montana State Prison with the last ten years of the sentence suspended. Opinion, ¶ 1. As such, he is eligible for SRD and we should review his sentence for legality only. *Herd*, ¶ 22; § 46-18-903(1), MCA.

¶19    The problem is that we have no clear test for determining whether a condition of sentence is legal.[1] This Court traditionally reviewed a sentencing condition for legality by determining whether the condition had "some correlation or connection to the underlying offense for which the defendant is being sentenced." *State v. Ommundson*, 1999 MT 16, ¶ 11, 293 Mont. 133, 974 P.2d 620. In other words, there had to be a "nexus" between the condition and the underlying offense. *Ommundson*, ¶ 12, *modified*, *State v. Ashby*, 2008 MT 83, ¶ 15, 342 Mont. 187, 179 P.3d 1164 (expanding *Ommundson* to include a nexus between the condition and the offender); *see also e.g. Herd*, ¶ 17; *State v. Armstrong*, 2006 MT 334, ¶ 11, 335 Mont. 131, 151 P.3d 46; *State v. Greeson*, 2007 MT 23, ¶ 12, 336 Mont. 1, 152 P.3d 695; *State v. Marshall*, 2007 MT 218, ¶ 20, 339 Mont. 50, 170 P.3d 923. Moreover, where necessary, we applied the abuse of

---

[1] The majority's assertion that the condition on Hernandez's suspended sentence is authorized by § 46-23-1002(3), MCA, is patently false. This statute grants authority to *the Department of Corrections* to adopt "rules" for the conduct of persons placed on probation. The statute does not grant authority to *sentencing courts* to impose probation conditions, nor does it state that "rules" adopted by DOC are automatically included as "conditions" in a court-imposed sentence unless expressly rejected by the court. All criminal sentences are to be imposed by the sentencing court "exclusively," *see* § 46-18-103, MCA; and the court's authority to impose conditions on a suspended sentence derives from §§ 46-18-201(4) and -202(1), MCA, not § 46-23-1002(3), MCA.

discretion standard for determining whether the condition was excessive in terms of harshness or duration. *See e.g. Herd*, ¶¶ 17, 24-25 (concluding that the district court abused its discretion in barring Herd from driving a motor vehicle for 40 years, although this condition had a nexus to her offense).

¶20 But in *State v. Stiles*, 2008 MT 390, 347 Mont. 95, 197 P.3d 966, the Court interpreted *Ashby* as placing the nexus test under the abuse of discretion prong of our two-pronged standard of review, *see Stiles*, ¶ 13, though the Court did not articulate what test is to be used under the legality prong. Thus, we no longer have a test for reviewing a sentencing condition for legality. The "correlation or connection" test is what we presently use to determine whether the sentencing court abused its discretion. As a result, if we were to limit ourselves to reviewing felony sentences for legality only, as the Chief Justice suggests (Special Concurrence, ¶ 12), we effectively would conduct no review at all. In the present case, for instance, we would simply observe that the condition Hernandez challenges is "similar to" those we reviewed in *Ashby* and, as such, is legal. *See Stiles*, ¶ 14.

¶21 For these reasons, although the Chief Justice's arguments have some facial appeal, I conclude that until this Court articulates a sensible test for determining the legality of a sentencing condition, it is inadvisable to limit our review of conditions to legality only. Moreover, for the reasons articulated by Justice Cotter here (¶ 26, *infra*), and given my arguments in *State v. Essig*, 2009 MT 340, ¶¶ 39-46, ___ Mont. ___, ___ P.3d ___

(Nelson & Cotter, JJ., concurring in part and dissenting in part), I would not employ two different definitions of "abuse of discretion" when reviewing conditions of sentence.

¶22 I dissent.


/S/ JAMES C. NELSON


Justice Patricia O. Cotter dissents.

¶23 I dissent from several conclusions reached by the Court.

¶24 First, the Court states the condition at issue was imposed not under § 46-18-201 or -202, MCA, but rather pursuant to § 46-23-1002(3), MCA. Opinion, ¶ 4. However, this statute confers upon **DOC** the authority to adopt rules for the conduct of persons placed on probation; it is not a grant of authority to the court to implement DOC administrative rules or impose a sentence pursuant to such rules. When sentencing a defendant, a court remains constrained by the sentencing provisions set forth in Title 46, chapter 18, MCA. *State v. Kampf*, 2008 MT 198, ¶ 22, 344 Mont. 69, 186 P.3d 223. This being so, the Court's reliance upon § 46-23-1002(3), MCA, for sentencing authority is entirely misplaced. So too is its statement that a standard condition adopted by DOC may be **deleted** from a judgment (*see* Opinion, ¶ 7), as it wrongly presupposes the routine inclusion of DOC conditions into a judgment, until and unless specifically removed. Again, it is the function of the court to sentence pursuant to the sentencing statutes, and nowhere in those statutes does the Legislature state that a court may cede its sentencing

11

responsibility to DOC. Because a court must sentence pursuant to established statutory authority, the Court's further conclusion that the sentencing condition in question falls outside these sentencing statutes and outside of the *Ashby* nexus requirement as well (*see* Opinion, ¶ 6), is wrong. The *Ashby* nexus requirement is intended to apply to all conditions a court imposes upon a sentence.

¶25 Turning to *Ashby,* we have unfortunately injected confusion into our sentencing jurisprudence by defining an "abuse of discretion" in the context of imposing conditions of sentence as occurring "when a district court acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, in view of all the circumstances . . . ." *State v. Nelson*, 2008 MT 359, ¶ 20, 346 Mont. 366, 195 P.3d 826, (quotation omitted).[1] The Court perpetuates this confusion here by relying on *State v. McLaughlin*, 2009 MT 211, 351 Mont. 282, 210 P.3d 694, for the same proposition. Opinion, ¶ 7. Notably, *McLaughlin* is not even a sentencing case; rather, it addresses abuse of discretion in the context of the admissibility of evidence.

¶26 As we said in *Ashby* and in *State v. Stiles*, 2008 MT 390, 347 Mont. 95, 197 P.3d 966, a court abuses its discretion if it imposes a condition upon a sentence which lacks a nexus to either the offense or the offender. *See Ashby*, ¶ 9; *Stiles*, ¶ 13. In the interests of consistency and simplicity of application, we should use the nexus analysis in determining whether a court abuses its discretion in imposing a sentencing condition. Therefore, I disagree with the Court's reliance at ¶ 7 upon *McLaughlin*. Moreover, I

---

[1] As the author of *Nelson*, I accept responsibility for some of this confusion.

would reverse *Nelson* to the limited extent that it endorses the wrong abuse of discretion standard for application in the context of reviewing sentencing conditions.

¶27    Finally, applying the nexus analysis to the condition at issue, I would conclude that the District Court abused its discretion in adopting the condition requiring the defendant to obtain permission from his Probation & Parole Officer before financing or purchasing items or going into debt, because the condition has no nexus to either the offense or the offender.  Hernandez was not convicted of a financial crime.  Moreover, he was working two jobs and had no debt at the time of the crime, nor did he have any history of financial irresponsibility.  This being the case, the adoption of this condition was an abuse of the court's discretion.  I would remand with instructions to vacate the condition.  I therefore dissent.

/S/ PATRICIA O. COTTER

Justices James C. Nelson and W. William Leaphart join the Dissent of Justice Patricia O. Cotter.

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

13