JUSTICE WARNER
delivered the Opinion of the Court.
¶1 Joann Essig was convicted of four misdemeanor counts of criminal mischief and one misdemeanor count of stalking in the District Court of the Seventeenth Judicial District, Phillips County. The District Court deferred imposition of sentence on each count for one year and ordered that the deferred sentences run consecutively. Essig appeals from conditions imposed on the deferred sentences and from the District Court’s order that the deferred sentences run consecutively.
¶2 We restate the issues raised by Essig as follows:
¶3 Issue 1: Did the District Court err in its imposition of restitution for counseling costs of the victims’ children?
¶4 Issue 2: Did the District Court abuse its discretion in imposing a condition on Essig’s deferred sentences that she is prohibited from owning, possessing, or being in control of any firearms?
¶5 Issue 3: Did the District Court abuse its discretion in imposing as a condition of her deferred sentences a prohibition on Essig using or possessing alcoholic beverages or entering establishments where alcohol is the chief item of sale?
¶6 Issue 4: Is the imposition of five deferred misdemeanor sentences which run consecutively an illegal sentence?
¶7 Essig also objects to imposition of restitution for expenses related to acquiring a handgun. The State concedes that these expenses were improperly imposed. Thus, we do not discuss this issue.
*101 BACKGROUND
¶8 In October 2007, Joann Essig was charged with five counts of criminal mischief, one count of misdemeanor stalking, and four counts of felony stalking. In April 2008, pursuant to a plea bargain, Essig pled guilty to four counts of criminal mischief in violation of §45-6-101, MCA, and one count of stalking in violation of §45-5-220(l)(a), MCA, all misdemeanors.
¶9 Essig admitted to vandalizing the property of Dwain and Thora Prellwitz by pouring salt on their flower beds and lawn and to stalking the Prellwitzes. Essig pled nolo contendré to two counts of criminal mischief in violation of §45-6-101, MCA. The information containing these latter charges alleged that she killed grass in the Prellwitzs’ yard in the shape of a pentagram and that she painted a pentagram on U.S. Bureau of Land Management premises with Thora Prellwitz’s name in it, using a red substance thought to be animal blood.
¶10 In June 2008, the District Court imposed five consecutive one year deferred sentences. The effect of the judgment is that Essig will be on probation for five years.
¶11 Essig’s deferred sentences are, inter alia, conditioned on payment of $5,582.03 in restitution; a prohibition on Essig owning, possessing, or being in control of any firearms; and a prohibition on Essig using or possessing alcoholic beverages or entering establishments where alcohol is the chief item of sale.
STANDARDS OF REVIEW
¶12 We review a district court’s determination of the amount of restitution due as a finding of fact. Findings of fact regarding the amount of restitution ordered as part of a criminal sentence are reviewed to determine whether they are clearly erroneous. State v. Heath, 2004 MT 126, ¶ 13, 321 Mont. 280, 90 P.3d 426.
¶13 Sections 46-18-201(4)(o) and 46-18-202(l)(f), MCA, provide that any reasonable restriction considered necessary for rehabilitation or the protection of the victim or society may be imposed as a condition of a suspended or deferred sentence. We review conditions imposed on a probationary sentence under §§46-18-20l(4)(o) or -202(l)(f), MCA, to determine if they are reasonable. State v. Ashby, 2008 MT 83, ¶ 13, 342 Mont. 187, 179 P.3d 1164. In Ashby, the Court held that for a condition to be reasonable it must have a nexus to the offender or the offense. Ashby, ¶ 15.
¶14 In addition to the more general sentencing authority to impose probation conditions granted in §§46-18-20l(4)(o) and -202(l)(f), MCA, *102 the legislature has specifically authorized the imposition of certain conditions on a probationary sentence when a district court concludes that such condition is necessary to obtain the objectives of rehabilitation and the protection of the victim and society. Section 46-18-202(1), MCA. We review for abuse of discretion a sentencing judge’s conclusion that a condition of a probationary sentence, which is specifically authorized by statute, is necessary. An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason. State v. McLaughlin, 2009 MT 211, ¶ 9, 351 Mont. 282, 210 P.3d 694.
DISCUSSION
¶15 Issue 1: Did the District Court err in its imposition of restitution for counseling costs of the victims’ children ?
¶16 Essig contends the District Court erred by ordering her to pay restitution for the counseling expenses of the Prellwitzs’ minor children. Essig asserts the Prellwitz children are not victims as defined by statute. Essig also asserts that the restitution amounts claimed are unreasonable.
¶17 Section 45-5-220(3), MCA, provides that a district court sentencing a person convicted of stalking may require the payment of all medical, counseling, and other costs incurred by or on behalf of the victim as a result of the offense. When pecuniary loss is sustained by a victim, §46-18-201(5), MCA, allows a sentencing court to require payment of full restitution. ‘Victim” within the meaning of this statute includes “any person or entity whom the offender has voluntarily agreed to reimburse as part of a voluntary plea bargain.” Section 46-18-243(2)(a)(vi), MCA.
¶18 In her plea agreement, Essig agreed to pay restitution ‘for damages or losses and all medical counseling and other costs, caused to the [Prellwitz] family and property.” The District Court had statutory authority to order Essig to pay the counseling expenses of the Prellwitzs’ minor children. Section 46-18-243(2)(a)(vi), MCA.
¶19 Essig also contends that restitution imposed by the District Court for travel expenses to counseling incurred by the Prellwitz children, blood testing for one of the children, and the cost of six memory cards for a digital camera are not within the meaning of “pecuniary loss” as described in §46-18-243(1), MCA.
¶20 Section 46-18-243(1), MCA, defines pecuniary loss as:
(a) all special damages, but not general damages, substantiated by evidence in the record, that a person could recover against the *103 offender in a civil action arising out of the facts or events constituting the offender’s criminal activities, including without limitation out-of-pocket losses, such as medical expenses ...;
(d) reasonable out-of-pocket expenses incurred by the victim in filing charges or in cooperating in the investigation and prosecution of the offense.
¶21 We conclude that, under the evidence presented to the District Court, these expenses could be recovered in a civil action by the Prellwitzes against Essig and thus, in this case, they are legally imposed as restitution.
¶22 Essig argues the amounts imposed for these expenses were not reasonable. The State requested $11,431 in restitution. After hearing testimony from both sides, including Essig’s testimony that many of the expenses were unjustified, the District Court imposed restitution of $5,582.03. The District Court was in the best position to review the evidence and weigh the facts surrounding the claimed expenses. There is evidence in the record concerning the cost of the memory cards, travel, and blood tests. The District Court weighed this evidence and concluded that it supported the inclusion of these items in the restitution amount. The District Court’s determination of the amount of restitution due was not clearly erroneous.
¶23 Issue 2: Did the District Court abuse its discretion in imposing a condition on Essig’s deferred sentences that she is prohibited from owning, possessing, or being in control of any firearms?
¶24 Essig objected in the District Court to a restriction on her possession and use of firearms. She appeals from the District Court’s imposition of such a restriction as a condition of her deferred sentences.
¶25 Section 46-18-202(l)(b), MCA, provides:
(1) The sentencing judge may also impose any of the following restrictions or conditions on the sentence provided for in 46-18-201 that the judge considers necessary to obtain the objectives of rehabilitation and the protection of the victim and society:...
(b) prohibition of the offender’s owning or carrying a dangerous weapon[.]
¶26 The condition on Essig’s suspended sentence at issue here was imposed under the legislative authority of §46-18-202(l)(b), MCA. Thus, the Ashby requirement of a nexus to the offender or to the offense does not apply. Ashby, ¶ 14-15. Rather, the imposition of this condition is reviewed for abuse of discretion. McLaughlin, ¶ 9.
¶27 The record in this case reflects that several years earlier *104 Essig was convicted of a concealed weapons violation. Essig testified that she did not know why she committed the offense of stalking, which is classified as an offense against the person in the nature of an assault. See Title 45, Ch. 5, MCA. Nor did Essig give any reason for her acts of vandalism using a pentagram symbol and what appeared to be blood. Considering the threatening nature of the offenses and that Essig did not explain her acts, the District Court reasoned her access to firearms must be restricted to assure public safety. The District Court did not abuse its discretion when it concluded that restricting Essig[1] s ownership, possession, and control of firearms was necessary to obtain the objectives of rehabilitation and the protection of the victim and society.
¶28 Issue 3: Did the District Court abuse its discretion in imposing as a condition of her deferred sentences a prohibition on Essig using or possessing alcoholic beverages or entering establishments where alcohol is the chief item of sale?
¶29 Essig contends the condition of her deferred sentences prohibiting her from consuming or possessing alcohol or entering establishments in which alcohol is the chief item of sale is unreasonable. Essig did not object to this condition at sentencing and now asks this Court to invoke plain error review to assess its legality.
¶30 Failure to object to an improper condition at or before sentencing results in a waiver of the right to object to that condition for the first time on appeal. State v. Park, 2008 MT 429, ¶¶ 20-21, 347 Mont. 462, 198 P.3d 321; State v. Baker, 2008 MT 396, ¶ 11, 347 Mont. 159, 197 P.3d 1001; State v. Stiles, 2008 MT 390, ¶ 14, 347 Mont. 95, 197 P.3d 966. We have treated probation conditions such as the alcohol restriction involved here as objectionable rather than illegal. Stiles, ¶ 12. As Essig did not object in the District Court to the condition of her deferred sentences prohibiting her from using alcohol or entering establishments in which alcohol is the chief item of sale, we will not now consider Essig’s argument that there is an insufficient nexus between the prohibition on alcohol and her offenses or her self.
¶31 Essig also asks us to invoke plain error to review the condition of her deferred sentences prohibiting her use of alcohol. This Court may in its discretion review claimed errors that implicate a criminal defendant’s fundamental constitutional rights, even if no contemporaneous objection is made, where failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial, or may compromise the integrity of the judicial process. State v. *105 Taylor, 2009 MT 161, ¶ 11, 350 Mont. 447, 208 P.3d 422 (citing State v. Davis, 2003 MT 341, ¶ 19, 318 Mont. 459, 81 P.3d 484). We will not undertake a full analysis whenever a party asserts that an issue not properly preserved for appeal constitutes plain error. Such a scenario would nullify the rule requiring an argument to be preserved for appeal, and allow a party to bring virtually any argument before this Court. Davis, ¶ 21 (citing State v. Daniels, 2003 MT 247, ¶ 28, 317 Mont. 331, 77 P.3d 224). We decline to undertake plain error review of the restriction on the use of alcohol in Essig’s deferred sentences.
¶32 Issue 4: Is the imposition of five deferred misdemeanor sentences which run consecutively an illegal sentence?
¶33 Essig argues the District Court erred by imposing five consecutive one-year deferred sentences because § 46-18-201(l)(a)(ii), MCA, provides that a sentencing judge may defer imposition of sentence for no more than two years upon conviction of a misdemeanor.
¶34 Essig pled guilty to five separate misdemeanor offenses. Sentence was deferred for a period of one year on each of these offenses. A deferred sentence constitutes a conviction and a final judgment. State v. Tomaskie, 2007 MT 103, ¶ 13, 337 Mont. 130, 157 P.3d 691. Separate sentences for two or more offenses run consecutively unless the court otherwise orders. Section 46-18-401(4), MCA. The District Court did not err in specifically ordering that the five separate deferred sentences run consecutively.
CONCLUSION
¶35 With the exception of the imposition of restitution for expenses related to acquiring a handgun, the judgment of the District Court is affirmed. This case is remanded to the District Court with instruction to vacate the portion of the judgment requiring Essig to make restitution for expenses related to acquiring a handgun.
CHIEF JUSTICE McGRATH, JUSTICES RICE and MORRIS concur.

 The Court’s failure to address the State’s arguments in this regard is perplexing, if not frustrating. In the past, this Court has refused to resolve apparent conflicts in our caselaw on the ground that the State failed to raise and brief the issue adequately. See e.g. State v. Garrymore, 2006 MT 245, ¶ 15 & n. 3, 334 Mont. 1, 145 P.3d 946. Yet here, the State properly raises the conflicting standards of review, briefs the issue, and asks us to resolve the conflict, but the Court ignores the State’s arguments altogether. If this Court’s policy is not to address issues that the parties fail to develop with argument and citation to authority, see M. R. App. P. 12(l)f.; Garrymore, ¶ 15, then it is unfair and incongruous to ignore such issues when they have been properly raised and briefed.