JUSTICE NELSON,
dissenting.
¶17 I believe that under our current precedents, Justice Cotter’s Dissent (¶¶ 23-27, infra) sets forth the correct analysis of the sentencing condition at issue here, and I accordingly join it. In so *116 doing, however, I acknowledge some of the arguments made by Chief Justice McGrath in his Special Concurrence (¶¶ 10-16, supra).
¶18 As the Chief Justice notes, this Court held in State v. Montoya, 1999 MT 180, 295 Mont. 288, 983 P.2d 937, that we review criminal sentences for legality only. Montoya, ¶ 15. We modified that holding in State v. Herd, 2004 MT 85, 320 Mont. 490, 87 P.3d 1017, upon recognizing that the Sentence Review Division (SRD) has authority to review only those sentences which consist of a year or more of actual incarceration. Herd, ¶ 21 (citing §46-18-903(1), MCA). We held that if an offender is sentenced to one year or more of actual incarceration and thus is eligible for review by SRD, then we will review the sentence for legality only, but if the offender is statutorily ineligible for SRD, then we will review the sentence for both legality and abuse of discretion. Herd, ¶ 22. Here, Hernandez was sentenced to serve 25 years at the Montana State Prison with the last ten years of the sentence suspended. Opinion, ¶ 1. As such, he is eligible for SRD and we should review his sentence for legality only. Herd, ¶ 22; §46-18-903(1), MCA.
¶19 The problem is that we have no clear test for determining whether a condition of sentence is legal.[1] This Court traditionally reviewed a sentencing condition for legality by determining whether the condition had “some correlation or connection to the underlying offense for which the defendant is being sentenced.” State v. Ommundson, 1999 MT 16, ¶ 11, 293 Mont. 133, 974 P.2d 620. In other words, there had to be a “nexus” between the condition and the underlying offense. Ommundson, ¶ 12, modified, State v. Ashby, 2008 MT 83, ¶ 15, 342 Mont. 187, 179 P.3d 1164 (expanding Ommundson to include a nexus between the condition and the offender); see also e.g. Herd, ¶ 17; State v. Armstrong, 2006 MT 334, ¶ 11, 335 Mont. 131, 151 P.3d 46; State v. Greeson, 2007 MT 23, ¶ 12, 336 Mont. 1, 152 P.3d 695; State v. Marshall, 2007 MT 218, ¶ 20, 339 Mont. 50, 170 P.3d 923. Moreover, where necessary, we applied the abuse of discretion standard for determining whether the condition was excessive in terms of *117 harshness or duration. See e.g. Herd, ¶¶ 17,24-25 (concluding that the district court abused its discretion in barring Herd from driving a motor vehicle for 40 years, although this condition had a nexus to her offense).
¶20 But in State v. Stiles, 2008 MT 390, 347 Mont. 95, 197 P.3d 966, the Court interpreted Ashby as placing the nexus test under the abuse of discretion prong of our two-pronged standard of review, see Stiles, ¶ 13, though the Court did not articulate what test is to be used under the legality prong. Thus, we no longer have a test for reviewing a sentencing condition for legality. The “correlation or connection” test is what we presently use to determine whether the sentencing court abused its discretion. As a result, if we were to limit ourselves to reviewing felony sentences for legality only, as the Chief Justice suggests (Special Concurrence, ¶ 12), we effectively would conduct no review at all. In the present case, for instance, we would simply observe that the condition Hernandez challenges is “similar to” those we reviewed in Ashby and, as such, is legal. See Stiles, ¶ 14.
¶21 For these reasons, although the Chief Justice’s arguments have some facial appeal, I conclude that until this Court articulates a sensible test for determining the legality of a sentencing condition, it is inadvisable to limit our review of conditions to legality only. Moreover, for the reasons articulated by Justice Cotter here (¶ 26, infra), and given my arguments in State v. Essig, 2009 MT 340, ¶¶ 39-46, 353 Mont. 99, 218 P.3d 838 (Nelson & Cotter, JJ., concurring in part and dissenting in part), I would not employ two different definitions of “abuse of discretion” when reviewing conditions of sentence.
¶22 I dissent.

 The majority’s assertion that the condition on Hernandez’s suspended sentence is authorized by §46-23-1002(3), MCA, is patently false. This statute grants authority to the Department of Corrections to adopt “rules” for the conduct of persons placed on probation. The statute does not grant authority to sentencing courts to impose probation conditions, nor does it state that ‘hules” adopted by DOC are automatically included as “conditions” in a court-imposed sentence unless expressly rejected by the court. All criminal sentences are to be imposed by the sentencing court “exclusively,” see § 46-18-103, MCA; and the court’s authority to impose conditions on a suspended sentence derives from §§46-18-201(4) and -202(1), MCA, not §46-23-1002(3), MCA.