FILED

12/28/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0167

DA 19-0167

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 325N

STATE OF MONTANA,

       Plaintiff and Appellee,

    v.

ALAN TODD RUFF,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                    In and For the County of Gallatin, Cause No. DC-17-225C
                    Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Chad Wright, Appellate Defender, Alexander H. Pyle, Assistant Appellate
              Defender, Helena, Montana

       For Appellee:

              Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
              Attorney General, Helena, Montana

              Marty Lambert, Gallatin County Attorney, Bjorn E. Boyer, Deputy County
              Attorney, Bozeman, Montana

                              Submitted on Briefs:  December 8, 2021

                                      Decided:  December 28, 2021

Filed:

                        _____
                                  Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Alan Todd Ruff appeals from the July 31, 2018 Sentencing Order of the Eighteenth Judicial District Court, Gallatin County, prescribing probation conditions related to alcohol and gambling restrictions. We affirm.

¶3     Ruff pled guilty to one count of incest and one count of sexual assault. He was sentenced to 60 years with 20 years suspended for the incest count, and 20 years with no time suspended for the sexual assault count. The sentence also includes probation conditions related to alcohol and gambling. Specifically, Ruff is prohibited from using or possessing alcohol or illegal drugs, or seeking employment where alcohol is the chief item of sale; Ruff shall not enter any casinos or engage in gambling activity; and Ruff shall submit to drug testing and obtain a chemical dependency evaluation at his expense if requested by his probation officer. Ruff did not object to these conditions at the time of the sentencing hearing. He appeals these conditions on the basis that they lack a nexus to either the offenses (incest and sexual assault, which he contends were committed without the influence of drugs or alcohol), or the offender.

¶4     We review a criminal sentence for legality, "that is, whether the sentence falls within the statutory parameters." *State v. Hernandez*, 2009 MT 341, ¶ 3, 353 Mont. 111, 220 P.3d 25 (citing *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, 151 P.3d 892). If

2

a probation condition is not objected to below, we generally refuse to address the issue on appeal. *State v. Ashby*, 2008 MT 83, ¶ 22, 342 Mont. 187, 179 P.3d 1164. However, if the sentence is illegal or "exceeds statutory mandates," this Court will review the sentence even if not objected to below. *State v. Stiles*, 2008 MT 390, ¶ 11, 347 Mont. 95, 197 P.3d 966 (citing *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979)). A sentencing court's failure to abide by certain statutory requirements, such as considering relevant factors, may result in an objectionable sentence; however, an objectionable sentence is not necessarily an illegal sentence subject to the exception in *Lenihan*. *Kotwicki*, ¶ 13; *State v. Ingram*, 2020 MT 327, ¶ 18, 402 Mont. 374, 478 P.3d 799.

¶5 Ruff urges this Court to overrule *Stiles* and find that a sentence condition that lacks the appropriate nexus to the offense or offender amounts to an illegal sentence subject to the *Lenihan* exception.[1] The State argues that this Court's decisions prior to *Stiles* do not hold that unpreserved nexus objections are reviewable, even though we have stated that to be legal, "a condition of a sentence must" have a nexus to the conviction. *State v. Marshall*, 2007 MT 218, ¶ 20, 339 Mont. 50, 170 P.3d 923. For example, in *Ashby*, this Court cautioned defendants that a failure to object to improper conditions at or before sentencing may result in a waiver of that objection. *Ashby*, ¶ 22.

¶6 The alcohol and gambling probation conditions imposed on Ruff are within the District Court's authority under § 46-18-202, MCA, and do not exceed the court's

---

[1] Ruff also urges the Court to overrule *Hernandez*. Because we affirm the conviction based on our holding in *Stiles*, we decline to review the *Hernandez* holding.

sentencing authority. The District Court's failure to address the nexus between the conditions and the offense is a failure to follow a statutory requirement but it does not exceed statutory mandates. The deficiency merely renders the sentence objectionable. *Stiles*, ¶ 11. We decline to overrule *Stiles* and review Ruff's unpreserved objections to the sentence conditions related to alcohol and gambling.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

4